Larry Wayne Williams v. The State of Texas














 

IN THE
TENTH COURT OF APPEALS
 

No. 10-99-097-CR

     LARRY WAYNE WILLIAMS,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 16th District Court
Denton County, Texas
Trial Court # F-98-0139-A
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      Appellant Williams appeals from his conviction for felony Driving While Intoxicated,
enhanced by a prior felony conviction.
      Appellant was charged with felony DWI, enhanced by a prior felony conviction, i.e.
aggravated robbery in Cause No. 5743 in Bastrop County on November 4, 1980.
      A jury convicted appellant of felony DWI, and found the enhancement paragraph “true.” 
Appellant elected to have the judge assess punishment. The judge assessed appellant 15 years
in the Texas Department of Criminal Justice - Institutional Division, and sentenced appellant
accordingly.
      Appellant appeals on two points of error:
      Point 1: “The evidence is legally insufficient to support the court’s finding of True to the
enhancement paragraph.”
      Point 2: “The evidence is factually insufficient to support the court’s finding of True to the 
enhancement paragraph.”
      Appellant makes no complaint to the jury’s finding of guilty to the basic charge of felony
DWI. His only complaint is to the jury’s


 finding of “True” to the aggravated robbery
conviction in Bastrop County on November 4, 1980.
      The standard of review for legal sufficiency of the evidence is whether, after viewing the
evidence in the light most favorable to the prosecution, any rational trier of fact could find the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 319;
Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).
      In reviewing a claim of factual insufficiency of the evidence, this court does not view the
evidence through the prism of “in the light most favorable to the prosecution.” Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Blount v. State, 961 S.W.2d 282, 285
(Tex. App.—Houston 1997, pet ref’d.). This court will review all the evidence addressed and
set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997).
      Specifically appellant complains that the trial court erred in overruling his objection to
State’s Exhibit 5. Appellant asserts that the State failed to tie appellant to Exhibit 5, a pen
packet bearing his name.
      State’s Exhibit 5 is a pen packet containing three judgments. Two of the judgments reflect
that appellant was convicted of aggravated robbery in Williamson County, and the third
judgment reflects that appellant was convicted of aggravated robbery in Cause No. 5743 in
Bastrop County on November 4, 1980. The pen packet contains appellant’s picture, the
fingerprints of Larry Wayne Williams, and reflects that Larry Wayne Williams was received
from Bastrop County for Aggravated Robbery to do a sentence of 20 years.
      The State offered expert testimony to tie appellant to the pen packet. Witness Russell
Lewis qualified as an expert in fingerprint identification. He was asked to compare
fingerprints taken of appellant on the day of trial to the fingerprints in the pen packet. Lewis
testified that the fingerprints of appellant matched the fingerprints in the pen packet.
      Moreover, the Records Clerk of the Texas Department of Criminal Justice - Institutional
Division certified that the pen packet belonged to appellant. On the first page of Exhibit 5, the
Clerk certified that the photographs, fingerprints, and commitments contained within the pen
packet all belonged to appellant, including the judgment from Bastrop County.
      The pen packet was admissible in evidence, and the evidence is both legally and factually
sufficient to sustain the jury’s finding that the enhancement paragraph was “True.” All of
appellant’s points and contentions thereunder are overruled.
 

      The judgment is affirmed.


                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Gray, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed June 14, 2000
Do not publish