No. 04-01-00218-CV


IN THE MATTER OF C.G.


From the 386th Judicial District Court, Bexar County, Texas

Trial Court No. 2001-JUV-00042

Honorable Laura Parker, Judge Presiding


Opinion by: Tom Rickhoff, Justice

 

Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Paul W. Green, Justice


Delivered and Filed: November 14, 2001


AFFIRMED



 After a bench trial, appellant (a juvenile) was found guilty of assault. In three issues,
appellant asserts the trial court did not have jurisdiction to hear the adjudication or disposition phases
of the trial and the evidence was insufficient to support the judgment. We disagree and affirm.

TRIAL COURT JURISDICTION

 Appellant's case was originally called in the 386th Judicial District Court on January 26,
2001. On that same day, the case was re-set for a non-jury trial to be held on February 1, 2001 in
the 386th Court. The Honorable Laura Parker, Judge of the 386th Court, signed the order re-setting
the date. On February 1st, the following events occurred. The parties signed a Jury Waiver, which
bore the style of the 386th Court and was signed by the Honorable Andy Mireles. Judge Mireles is
the Judge of the 73rd Judicial District Court. Judge Parker signed the Order of Adjudication
Following Non-Jury Trial - Delinquent Conduct, which bore the style of the 386th Court. Under
Judge Parker's signature line was the following: "The Honorable Andy Mireles, Judge; 386th
Judicial District Court; Bexar County, Texas." Judge Parker signed the Order of Disposition
Probation Custody CPO Delinquent Conduct. Under Judge Parker's signature line was the
following: "The Honorable Andy Mireles, Judge; 386th Judicial District Court; Bexar County,
Texas." Judge Mireles signed the Conditions of Probation, which stated "District Court No. 386th."
The case was called to trial before Judge Mireles, Presiding Judge, in the 73rd Judicial District
Court. 

 Appellant contends there is no evidence in the record to indicate that the 73rd Court was
designated by the County Juvenile Board as a Juvenile Court, thus the trial court lacked jurisdiction
to hear the adjudication or disposition phases of her trial. The State, however, asserts that the case
was never transferred to the 73rd Court and that Judge Mireles was, at all times, acting as Presiding
Judge of the 386th Court in this matter. We agree with the State.

 The Juvenile Justice Code, contained within the Family Code, confers to the juvenile court
exclusive original jurisdiction over proceedings involving delinquent conduct committed by a person
who is a child at the time he or she engaged in the delinquent conduct. Tex. Fam. Code Ann. §
51.04(a) (Vernon Supp. 2001). A "juvenile court" is one designated under Section 51.04 of the
Family Code. Tex. Fam. Code Ann. § 51.02(6) (Vernon Supp. 2001). In each county, the juvenile
board shall designate one or more courts as a juvenile court. Id. § 51.04(b). There is no dispute that
the 386th Court is a juvenile court. Appellant takes issue with the fact that the case was called in
the 73rd Court for the bench trial.

 The Constitution provides that "the District Judges may exchange districts, or hold courts for
each other when they may deem it expedient . . . ." Tex. Const. art. V, § 11; see also In re Garza,
981 S.W.2d 438, 440-41 (Tex. App.--San Antonio 1998, no pet.). This court, in Garza, held that,
absent competent evidence to the contrary, once exclusive jurisdiction has been established in a
particular court, the record should be clear that any district judge in the county acting in that case is
doing so for that court. Id. at 441. Exclusive original jurisdiction was established in the 386th
Court. There is no evidence that appellant's case was transferred to the 73rd Court. There is nothing
in the record to indicate that Judge Mireles was not acting for the 386th Court when he heard the
case and signed the documents. Each of the documents in the record bear the designation of the
386th Court. We therefore overrule appellant's first and second issues.

SUFFICIENCY OF THE EVIDENCE

 We review appellant's challenge to the legal and factual sufficiency of the evidence under
the traditional standards. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) (legal
sufficiency); see also Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999) (same); Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (factual sufficiency); Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996) (same).

 The appellant is a chronic runaway, and the complainant (Misty) is her older sister. The
appellant, Misty, and another sister (Roxanne) all live with their mother. San Antonio police officer
Anthony Sterling was familiar with appellant's background because he had been called to the house
three to five times on reports that appellant had run away. This time, Sterling was called to the house
to locate appellant and Roxanne, who had both run away. When Sterling arrived at the house, the
mother told him that, before they ran away, appellant and Roxanne had assaulted Misty by hitting
her in the face until she fell to the ground, almost unconscious. Sterling met with Misty, who
appeared "roughed up." Sterling found appellant and Roxanne at a bus stop, about three blocks from
their house, and he then took them into custody.

 Misty testified that appellant hit her body several times with a closed fist, but she could not
remember if appellant hit her in the face. She said the punches did not hurt her because she was
mad, but she felt emotional pain. The mother testified that the children had fought all day, but she
could not recall telling Sterling that appellant struck Misty, and she said she was in the shower when
the altercation occurred.

 We find the evidence legally and factually sufficient, and overrule appellant's third issue on
appeal.

 We affirm the trial court's judgment.


 Tom Rickhoff, Justice

DO NOT PUBLISH