NUMBER 13-00-735-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI


 ROBERT GLEN HARRIS , Appellant, 
v.


THE STATE OF TEXAS , Appellee.




On appeal from the 156th District Court

of Live Oak County, Texas.




O P I N I O N

Before Chief Justice Valdez and Justices Castillo and Kennedy (1)

Opinion by Justice Kennedy


Appellant was convicted of felony driving while intoxicated (DWI), the jury having found that he had twice before been
convicted of DWI. The jury also found that appellant had previously been convicted of theft, all of which elevated his level
of punishment to second degree felony. His punishment was assessed at confinement for twenty years and a fine of
$10,000.00. 

The appeal is based upon two points of error. The first challenges the sufficiency of the evidence to support appellant's
conviction for DWI. Appellant does not specify whether his challenge is based upon legal insufficiency or factual
insufficiency. To determine whether the evidence is legally sufficient to support the verdict, we view the evidence in the
light most favorable to the verdict and ask whether any rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318 - 19 (1979). In a factual sufficiency review, we
examine all of the evidence impartially and set aside the verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Cain v. State, 958
S.W.2d 404, 410 (Tex. Crim. App. 1997). The state has not filed a brief herein.

Having carefully examined the record, we determine that the evidence of appellant's guilt is factually sufficient, which
would, by the standard recited in the previous paragraph, preclude a finding of legal insufficiency. The state's evidence was
the testimony of a deputy sheriff and two Texas highway patrol troopers. The deputy's testimony was that appellant was
"not in his mental capacity or physical capacity" to operate a vehicle. The deputy testified that he saw appellant drive the
vehicle he was in into a parking lot where the deputy was standing. He testified that appellant was "very, like, disoriented. 
He wasn't talking clear; wasn't making much sense the way he was talking." He also described appellant as "well, it was,
like, he was in a daze or something." He said that appellant's eyes were "real glassy or glossy." A check of appellant's
driver's license by the deputy showed that it was suspended. 

One of the troopers performed a horizontal gaze Nystagmus test on appellant and concluded that appellant was intoxicated
and did not have the normal use of his mental or physical faculties. This trooper also testified that appellant had red,
"bloodshot eyes" and that he smelled the odor of alcohol on appellant. This trooper's conclusion, from "seeing individuals
drinking over my years" was that appellant was intoxicated on the occasion of his detention.

The other trooper saw appellant when he was brought to the Live Oak County Jail. He testified that he offered appellant a
breathalizer test after first reading to him the DWI statutory warning and that appellant refused to take the test. This
trooper testified that he performed three standardized field sobriety tests. These were the horizontal gaze Nystagmus test,
the walk and turn, and the one leg stand. Based upon these tests, this trooper concluded that appellant did not have the
normal use of his mental and physical faculties and that he was intoxicated.

Appellant's evidence consisted solely of his own testimony which we summarize. He stated that he was going from his
home in Round Mountain, Texas to Laredo with a friend at the request of the friend. They were in a tow truck which
belonged to his friend and the friend was driving. Both men were drinking beer and appellant had drunk four or five beers
before he was detained by the deputy, however, they had also eaten during this time. His friend became very drunk and
was driving recklessly which frightened appellant. He suggested several times that his friend let him drive, but the friend
refused. Finally, his friend let appellant drive and, almost immediately, his friend passed out. Appellant stated that he was
looking for a motel so both men could rest. He stopped to ask the deputy for directions to the motel which resulted in his
detention.

The jury heard this evidence and found appellant guilty. We are required to give deference to the jury verdict. Cain v.
State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997); Tex. Code. Crim. Proc. Ann. art. 38.04 (Vernon 1979).

The evidence was not factually insufficient nor was it legally insufficient to support appellant's conviction of driving while
intoxicated. We overrule his first point of error.

The second point of error is:

The punishment assessed by the jury during the sentencing phase of the trial was disproportionate to the seriousness of the
alleged offense, all in violation of the eighth and fourteenth amendments of the United States Constitution.

Appellant's attorney thoroughly reviews the case law concerning disproportionate sentencing and related matters, none of
which serves to convince us that the law supports his argument. He then concludes by making what he concedes is an
emotional and sweeping argument in support of this point of error. We commend appellant's attorney for his diligent
research and his articulate plea for justice. However, courts have repeatedly held that so long as the punishment prescribed
is within the range of punishment established by the Legislature in a valid statute the punishment is not excessive, cruel, or
unusual Latham v. State, 20 S.W.3d 63, 68 (Tex. App. - Texarkana 2000, pet. ref'd); Simmons v. State, 944 S.W.2d 11,15
(Tex. App. - Tyler 1996, pet. ref'd). The punishment assessed herein is within the range provided for a second degree
felony. Tex. Pen. Code Ann. § 12.33(a) (Vernon 1994). We overrule the second point of error and AFFIRM the judgment
of the trial court. 

NOAH KENNEDY

Retired Justice

Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 7th day of February, 2002.

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).