# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00618-CR

**Rebonna J. McPherson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT OF STERLING COUNTY
### NO. 3213, HONORABLE ROBERT L. BROWNE, JUDGE PRESIDING

Appellant Rebonna J. McPherson was convicted, in a jury trial, of the offense of operating a motor vehicle in a public place while intoxicated. *See* Tex. Pen. Code Ann. ' 49.09(a) (West Supp. 2002). The trial court assessed appellant=s punishment, enhanced by a prior conviction for driving while intoxicated, at confinement in the county jail for sixty days and a fine of $1,500. Imposition of sentence was suspended and appellant was granted community supervision for two years. On appeal, appellant asserts that the evidence is legally and factually insufficient to sustain the jury=s verdict. We will affirm the judgment.

A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place. *Id.* AIntoxicated@ means not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body. *Id.* ' 49.01(2)(A).

In her first point of error, appellant insists that the evidence is legally insufficient to support the jury=s verdict. Specifically, appellant urges that the evidence is insufficient to prove she was intoxicated when she admittedly operated a motor vehicle in a public place. In reviewing the legal sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Patrick v. State*, 906 S.W.2d 481, 486 (Tex. Crim. App. 1995); *Aiken v. State*, 36 S.W.3d 131, 132 (Tex. App.CAustin 2000, pet. ref=d).

Brenda Bradford, the assistant manager of a general store in Garden City, saw the appellant and two children in the store on the evening, of February 3, 2001. Bradford testified that appellant Acould not judge her distance . . . she kind of leaned.@ When appellant Aapproached the counter, she hung onto the counter@ to Asupport herself.@ Appellant purchased lottery tickets and food for the children. Bradford testified appellant=s breath smelled of alcohol and that she was definitely intoxicated. A[W]hen [appellant] walked out, she stumbled and had to catch herself against her vehicle.@ Appellant departed driving east toward Sterling City in a red vehicle. As soon as appellant and the children left the store, the store employees discussed the situation and decided it was dangerous and that they should call a law enforcement officer. Bradford testified that AI had to let Mr. Zunker know which direction [appellant] was headed.@

Robert L. Bailey, a Texas Department of Public Safety Trooper, was stationed in Sterling City. At about 7:55 p.m. on February 3, 2001, while Trooper Bailey and Sterling County Deputy Sheriff Tim Sanders were eating supper, Sanders received a call from Glasscock County Deputy Sheriff Kenneth Zunker.

Responding to that call, Bailey drove west on Texas Highway 158 to Acheck out . . . a red sport utility vehicle with a white top, occupied by a woman driving that was blond headed and had two boys in the vehicle.@ About ten miles west of Sterling City, Bailey met a car that his radar showed was travelling at an unlawful speed of seventy-four miles an hour. As Bailey turned his patrol car around to pursue the speeding east-bound vehicle, he saw the Avehicle cross the center stripe with all four tires of the vehicle@going into the west-bound lane. Bailey activated his overhead lights and followed the vehicle. The vehicle fit the description of the vehicle Bailey was looking for. After Bailey pursued the vehicle for about three-quarters of a mile, it Abraked abruptly . . . faster than most vehicles do . . . . It made a jerking motion and slid on the grass.@ When Bailey walked up to the vehicle, he smelled a strong odor of an alcoholic beverage. At Bailey=s request, appellant displayed a temporary driving permit identifying her as Rebonna J. McPherson. Appellant had Ared glassy eyes.@ Bailey asked appellant to exit her vehicle to perform field sobriety tests. Appellant refused to comply with Bailey=s request and told him to get a warrant. When appellant continued to argue with Bailey, he forcibly removed her from her car, handcuffed her, and told her he was arresting her for driving while she was intoxicated. Bailey noticed that appellant=s Aeyes were very dilated.@ Bailey suspected appellant had something else in her Asystem besides alcohol that was causing the impairment.@ Appellant told Bailey that Ashe would go nowhere but to an admiralty court.@

Appellant refused to leave her boys and go back to the patrol car. At Bailey=s request, the boys got into the patrol car and the appellant then got in the patrol car. Bailey=s patrol car was equipped with a video camera which was activated when he turned on the overhead lights. Bailey carried a microphone that recorded his voice and the appellant=s. The tape recorded Bailey=s pursuit of appellant, the scene of her arrest, and appellant=s appearance and their conversation while

appellant was being taken to jail. Sterling County Sheriff Don Howard came to the scene of the arrest and drove appellant=s vehicle to Sterling City. Appellant complained about the way Sheriff Howard drove her car and asked Bailey to arrest him and told Bailey that she was going to make a citizen=s arrest of the sheriff. Appellant continued to argue with Bailey and asserted that she was not intoxicated and told him that she was taking medication. Bailey took appellant to the sheriff=s office.

Deputy Sheriff Tim Sanders came to the scene of appellant=s arrest after she was out of her car. Sanders testified that appellant Awas being very belligerent towards Trooper Bailey and was shouting and yelling.@ Her speech was slightly slurred and her Aeyes were real watery.@ Sanders made an inventory search of appellant=s vehicle. He found a beer can three-fourths empty and three unopened cans of beer. At the jail, Sanders booked appellant into jail. She was partially uncooperative in that she refused Ato sign any documents pertaining to the medical or the personal property.@ Appellant refused to allow the taking of her blood for a blood-alcohol test. In Sanders= opinion, appellant was intoxicated.

The evidence, when viewed in the light most favorable to the prosecution, supports a rational finding that the essential elements of the charged offense were proved beyond a reasonable doubt. The verdict of the jury, the finder of fact, is supported by legally sufficient evidence. Appellant=s first point of error is overruled.

In her second point of error, appellant asserts that the evidence is factually insufficient to support the jury=s verdict. In a factual sufficiency review, we are required to give deference to the jury=s verdict and examine all of the evidence impartially, setting aside the jury verdict Aonly if it is so

**4**

contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.@ *Cain v. State*, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). The complete and correct standard a reviewing court must follow to conduct a *Clewis* factual sufficiency review is to determine whether a neutral review of all of the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury=s determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

Appellant testified in her own defense. On the day she was arrested, she was driving from Odessa, intending to go to San Angelo. She was accompanied by her sons, eleven and twelve years old. They had planned to go fishing the next day. She denied drinking any alcoholic beverages on the day she was arrested and explained that the beer found in her car was for her use the next day. She denied driving across the center line of the highway before she was stopped. She denied that she was offered field sobriety tests. She admitted that she refused a blood-alcohol test but testified she requested, but was not given, a breath test. She admitted that she was tired and had been taking Celexia, an antidepressant, and testified that she was angry and upset when she was arrested. Appellant explained that her demand that the arresting officer get a warrant and that she be taken before an admiralty court was based on information imparted to her by a former friend. Appellant testified that her trial attorney had explained to her that her friend had misinformed her.

Appellant argues that, in consideration of all of the evidence, it was manifestly unjust to find that she was guilty of driving while intoxicated. She insists that compelling trial evidence shows that her behavior at the scene of her arrest was due to fatigue and antidepressants, not because

**5**

of the use of alcohol. She strenuously argues that the videotape and sound track admitted in evidence contradicts Trooper Bailey=s testimony. Moreover, she urges that the tape proves she was sober, cognizant, and cooperative when she was arrested and that she had full use of her mental and physical faculties.[1]

We have viewed the videotape which was exhibited to the jury and we have listened to the accompanying sound track. The tape was of poor quality. Although appellant did not appear to be stumbling and unsteady or incoherent, her attitude and demeanor could be characterized as quite argumentative and uncooperative. Appellant made no attempt to controvert the testimony of Bradford, the assistant store manager, who observed appellant a short time before appellant was arrested. Bradford testified that appellant could not judge distance, leaned on the counter for support, and stumbled and fell against her car when she left the store. Bradford also testified appellant=s breath smelled of alcohol and that she was Adefinitely intoxicated.@

---

[1] Appellant cites and relies on *State v. Fecci*, 9 S.W.3d 212 (Tex. App.CSan Antonio 1999, no pet.). In that case, the State appealed from the trial court=s order granting a pretrial motion to suppress evidence. The standard of review in that case required the reviewing court to view the evidence in the light most favorable to the trial court=s findings. *Id.* at 219. In that case, it was clear that the trial court found the testimony of the officers not credible. *Id.* at 218. The only remaining evidence was the video-audiotape. The reviewing court found that it supported the trial court=s findings. In the case at bar, we apply the standard for factual sufficiency, as stated in the opinion, to determine whether the jury=s verdict is supported by factually sufficient evidence.

It was for the jurors to weigh and give the consideration they deemed appropriate to the tape as well as to the testimony of the witnesses; it was the jurors=duty to consider the credibility and the weight they would give the testimony of the witnesses Bradford, Bailey, Sanders and appellant; it was the jurors=duty to resolve any variances, contradictions or conflicts in the evidence.

After examining all of the evidence impartially and giving deference to the jury=s verdict, we conclude that the jury=s verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.  Moreover, our neutral review of all of the evidence both for and against the jury=s verdict, fails to show that the proof of appellant=s guilt is so obviously weak as to undermine confidence in the jury=s determination, or that the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  The evidence is factually sufficient to support the jury=s verdict.  Appellant=s second point of error is overruled.

The judgment is affirmed.

_____

Carl E. F. Dally, Justice

Before Justices Kidd, Puryear and Dally[*]

Affirmed

Filed:  May 2, 2002

Do Not Publish

[*]  Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment.  *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).