Opinion issued June 6, 2002














 


In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00100-CR

____________


REGINALD EUGENE JACKSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause No. 850758






O P I N I O N

 The jury found appellant, Reginald Eugene Jackson, guilty of the felony
offense of driving while intoxicated (DWI), and the trial court assessed punishment
at 15 years in prison. Appellant stipulated at his arraignment and at trial that he had
been twice convicted of DWI. See Tex. Penal Code Ann. § 49.04(a) (Vernon Supp.
2002). Appellant brings one point of error, challenging the factual sufficiency of the
evidence supporting his DWI conviction. We affirm.

Facts

 Early in the morning on July 22, 2001, appellant was involved in a single-car
collision. Maria Diaz, the first person to arrive at the scene, testified appellant
appeared to be disoriented and intoxicated. Officer Peters arrived at the accident
scene and did not detect any injury to appellant, but did notice appellant smelled of
alcohol, slurred his speech, staggered when he walked, and appeared dazed and
confused. Officer Peters requested that another officer with extensive DWI training,
Officer Burkeen, come to the scene and evaluate the appellant. Officer Burkeen
responded to Officer Peter's request. 

 Officer Burkeen testified that, when he arrived at the scene, he noticed
appellant smelled of alcohol, had slurred speech, blood shot eyes, and an unbalanced
walk. Appellant told Officer Burkeen that he had been in an accident and could not
remember what happened. Although appellant told Burkeen he was returning to
Sugar Land, appellant was actually traveling away from Sugar Land at the time of the
collision. 

 Officer Burkeen administered several field-sobriety tests to appellant: (1) the
horizontal-gaze-nystagmus test, (2) the Rhomberg test, (3) the one-leg-stand test, and
(4) the walking/balance test. Officer Burkeen testified that appellant failed all four
field tests. Appellant testified that he failed the field-sobriety tests due either to an
injury caused by the accident, fatigue caused by sleep deprivation, or drowsiness
caused by taking Sudafed. Appellant never indicated to the officers that he suffered
from injuries, fatigue, or medical problems that night. 

 Officer Burkeen further determined that appellant had lost the normal use of
his mental and physical faculties. Officer Burkeen testified that appellant told him
he had consumed alcohol a few hours before the accident. Appellant, however,
testified at trial that he had not consumed alcohol before the collision. Officer
Burkeen stated that appellant later refused a breathalyzer test.

Discussion

 In his sole point of error, appellant argues the evidence was factually
insufficient to support his conviction. Specifically, appellant argues when trial
testimony reveals that either driver error or DWI was equally possible, confidence in
the verdict is undermined.

 Under the factual-sufficiency standard, we ask whether a neutral review of all
the evidence, both for and against the finding of guilt, demonstrates that the proof is
so obviously weak as to undermine confidence in the jury's determination, or the
proof, although adequate if taken alone, is greatly outweighed by contrary proof. 
King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). Accordingly, we will
reverse the fact finder's determination only if a manifest injustice has occurred. Id. 
In conducting this analysis, we may disagree with the jury's determination, even if
probative evidence supports the verdict, but we must avoid substituting our judgment
for that of the fact finder. Id. 

 To prove his argument, appellant relies on testimony by two witnesses. Officer
Peters testified in relevant part:


 [State] So was this accident you saw that night [early morning] as
consistent with intoxicated driver error as it is with any other type of
accident?



 [Peters] Yes, it was.


 

Appellant's sister testified that she met appellant for sodas at Benningan's hours 
before the collision. She stated that appellant smelled of cheap cologne, did not drink
alcohol in her presence, and was suffering from a "cold or something." 

 The weight to be given contradictory evidence is within the sole province of
the jury, because it turns on an evaluation of credibility and demeanor. Cain v. State,
958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). An appellate court must show
deference to such a jury finding. Id. at 409. We note that a decision is not manifestly
unjust merely because the fact finder resolved conflicting views of the evidence in
favor of the State. Id. at 410. 

 After reviewing all the evidence, we conclude that the verdict is not so
obviously weak or greatly outweighed by contrary proof as to indicate that a manifest
injustice has occurred.

 We overrule appellant's sole point of error.

Conclusion

 We affirm the trial court's judgment.



Sherry J. Radack

Justice

 

Panel consists of Justices Jennings, Radack, and Smith. (1) 

Do not publish. Tex. R. App. P. 47.4. 
1. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.