11th Court of Appeals
Eastland, Texas
Opinion
 
Keith W. Francis 
            Appellant
Vs.                  No. 11-03-00213-CR -- Appeal from Harris County
State of Texas 
            Appellee
 
            The jury convicted Keith W. Francis of the offense of possession of more than 1 gram but
less than 4 grams of cocaine. Upon appellant’s plea of true to both enhancement allegations, the trial
court assessed punishment at confinement for 30 years. We affirm. 
            Appellant raises three points of error on appeal. In the first and second points, he challenges
the legal and factual sufficiency of the evidence in support of his conviction. In order to determine
if the evidence is legally sufficient, we must review all of the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Jackson v. State,
17 S.W.3d 664 (Tex.Cr.App.2000). In order to determine if the evidence is factually sufficient, we
must review all of the evidence in a neutral light and determine whether the evidence supporting
guilt is so weak that the verdict is clearly wrong and manifestly unjust or whether the evidence
contrary to the verdict is so strong that the beyond-a-reasonable-doubt burden of proof could not
have been met. Zuniga v. State, No. 539-02, 2004 WL 840786 (Tex.Cr.App. April 21, 2004); Ross
v. State, 133 S.W.3d 618 (Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d
126 (Tex.Cr.App.1996). We note that the jury, as the trier of fact, was the sole judge of the
credibility of the witnesses and of the weight to be given to their testimony. TEX. CODE CRIM.
PRO. ANN. arts. 38.04 & 36.13 (Vernon 1979 & 1981). 
            The record shows that Officer Patrick F. Siddons and Officer Marcos Lopez of the Houston
Police Department were attempting to locate a witness to an earlier assault when they observed
appellant near a corner in an area known for criminal activity, especially narcotics. Officer Siddons
testified that appellant immediately turned and started walking away quickly when the officer drove
up. Officer Siddons told appellant to “come here,” but appellant said that he had not done anything
wrong and did not have to stop. Officer Siddons saw appellant toss an object to the ground right by
the trunk of a tree. Appellant then took off running. Officer Siddons immediately went and picked
up the object that appellant had tossed. Officer Lopez chased appellant and caught him a couple of
houses down the street. 
            The item retrieved by Officer Siddons was a crumpled-up piece of white paper containing
“chunks” of crack cocaine wrapped in clear plastic. The lab tests showed that the chunks contained
1.6 grams of cocaine. At trial, the white piece of paper was not in the evidence envelope containing
the plastic wrap and the cocaine. However, the testimony of the officers and of the lab expert clearly
established the chain of custody of the cocaine even though the white piece of paper was missing. 
            Appellant presented an eyewitness, Ashley Jackson, who testified that Officers Siddons and
Lopez often harassed people in that neighborhood. According to Jackson, appellant walked off when
the officers drove up and was subsequently chased by Officer Lopez. Jackson testified that she saw
Officer Siddons search underneath the house on the corner with his flashlight and that she saw
Officer Siddons find a white paper bag containing a plastic bag. Jackson testified that drug dealers
often hung out there and used to keep their “dope” under that house. 
            After reviewing all of the evidence, we hold that the evidence is both legally and factually
sufficient to support appellant’s conviction. The first and second points of error are overruled. 
            In the third point, appellant argues that the trial court erred in denying the motion to suppress. 
Appellant specifically asserts that there were no articulable facts to justify his initial detention and
that the cocaine was abandoned involuntarily as a result of police misconduct. We disagree. 
            In reviewing a trial court’s ruling on a motion to suppress, appellate courts must give great
deference to the trial court’s findings of historical facts as long as the record supports the findings. 
Guzman v. State, 955 S.W.2d 85, 87 (Tex.Cr.App.1997). Because the trial court is the exclusive fact
finder, the appellate court reviews evidence adduced at the suppression hearing in the light most
favorable to the trial court’s ruling. Carmouche v. State, 10 S.W.3d 323, 327 (Tex.Cr.App.2000). 
We also give deference to the trial court’s rulings on mixed questions of law and fact when those
rulings turn on an evaluation of credibility and demeanor. Guzman v. State, supra. Where such
rulings do not turn on an evaluation of credibility and demeanor, we review the trial court’s actions
de novo. Guzman v. State, supra; Davila v. State, 4 S.W.3d 844 (Tex.App. - Eastland 1999, no
pet’n). 
            The record shows that appellant was not detained until after he abandoned the cocaine. 
Contrary to his assertion, appellant had not been stopped, detained, seized, or arrested when he
abandoned the cocaine. See California v. Hodari D., 499 U.S. 621 (1991); Johnson v. State, 912
S.W.2d 227 (Tex.Cr.App.1995). A seizure does not occur until the suspect is subjected to the use
of physical force or until the suspect submits to a show of authority. California v. Hodari D., supra;
Johnson v. State, supra. At the time appellant tossed the cocaine, he had not submitted to Officer
Siddons’s show of authority. The third point of error is overruled. 
            The judgment of the trial court is affirmed. 
 
                                                                                                W. G. ARNOT, III
                                                                                                CHIEF JUSTICE 
 
September 16, 2004 
Do not publish. See TEX.R.APP.P. 47.2(b). 
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.