MEMORANDUM OPINION


No. 04-03-00332-CR


Robert PRINCE,

Appellant


v.


THE STATE OF TEXAS,

Appellee


From the 186th Judicial District Court, Bexar County, Texas 

Trial Court No. 2001-CR-4758B

Honorable Maria Teresa Herr, Judge Presiding


Opinion by: Sandee Bryan Marion, Justice

 

Sitting: Paul W. Green, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 

Delivered and Filed: October 13, 2004


AFFIRMED


 A jury found defendant, Robert Prince, guilty of aggravated assault with a deadly weapon
and assessed punishment of ten years' confinement and a $5,000 fine. On appeal, defendant
challenges the legal and factual sufficiency of the evidence to support the verdict. Because the
evidence is sufficient, we affirm.

SUFFICIENCY OF THE EVIDENCE


 In his first and second issues, defendant asserts the evidence is legally and factually insufficient
to support his conviction. We review the sufficiency of the evidence under the appropriate standards
of review. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) (legal
sufficiency); Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999) (same); Johnson v. State,
23 S.W.3d 1, 6-7, 10-11 (Tex. Crim. App. 2000) (factual sufficiency); Clewis v. State, 922 S.W.2d
126, 129 (Tex. Crim. App. 1996) (same). The standard of review is the same in both direct and
circumstantial evidence cases. Kutzner v. State, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999). 

 In the early morning hours of January 18, 2001, Andres Guardado, Fernando Chavez, and
Robert Narvis went to a Whataburger restaurant after spending part of the evening at the Atrium
night club. While at the club, they exchanged words with members of a rival car club, including the
defendant, Carlos Alonzo, brothers Phillip and Eric Lozano, and others. As Andres, Fernando, and
Robert sat down to eat their meal, Phillip and Carlos entered the restaurant and got into an altercation
with Robert. While the fight continued, an African-American male walked into the restaurant and
fired two shots. Andres was hit by one bullet that traveled through his hip, leg, right testicle, and
eventually lodged in his other leg. 

 Undercover officer, Guadalupe Anguiano, a detective with the San Antonio Police
Department, was at the drive-through of the Whataburger and observed three individuals, two Latin
males and a black male, walk toward the front of the Whataburger. Anguiano heard the gunshots and
then saw the same three individuals leave the restaurant in a red SUV. As Anguiano was driving in
pursuit of the SUV, he was shot at. 

 The red SUV was eventually stopped and four individuals were detained; defendant, Reginald
Brown, Carlos Alonso, and Phillip Lozano. When defendant was detained at the scene, he was
wearing black tennis shoes, blue jeans, a grey, black and white striped pullover, and eyeglasses. All
four individuals were subjected to a gun residue test; however, only defendant tested positive for
gunshot residue. Anguiano identified the defendant at the scene and in open court as the black male
he had observed in the Whataburger parking lot who had jumped into the red SUV Anguiano
pursued from the Whataburger.

 Ben Lopez, the manager of the Whataburger, was in the parking lot preparing to leave after
finishing his shift. Lopez observed the altercation in the restaurant and started toward the door. He
then saw a third individual enter the restaurant and shoot Andres. At the restaurant, Lopez described
the shooter as an African-American male standing about five-foot five or five-foot six inches who was
wearing jeans, glasses, and a striped shirt that appeared to be blue and white. Later that morning,
Lopez was taken to the site where the individuals from the red SUV were detained, and he made a
positive identification of the defendant. Lopez also identified the defendant in open court. 

 Three shell casings were later found at the intersection where the shots were fired at Anguiano
and two shell casings were also recovered from the Whataburger. A firearms examiner from the
Bexar County Crime Lab testified that all these casings were fired from the same weapon that was
later found at San Felipe and Rivas street. In addition, the bullet fragment recovered from Andres's
leg was also fired from the recovered weapon.

 On appeal, defendant asserts the evidence presented is insufficient because Andres, Fernando,
and Robert, failed to identify him as the shooter, and the witnesses' testimony regarding the
description of the shooter contained inconsistencies. Defendant also relies on the testimony of
another individual, Robert Bradford, who was allegedly in another vehicle at the time. Bradford
testified that he fired the shots at the Whataburger. It is true that Guardado did not positively identify
the shooter from a photo array, and at trial, he could not say defendant was the person who shot him.
Also, Fernando, and Robert did not identify defendant as the shooter during a line-up at the police
station the morning after the altercation took place. However, our evaluation of the evidence "should
not substantially intrude upon the fact finder's role as the sole judge of the weight and credibility
given to witness testimony." Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The jury as
the sole fact-finder may believe some or all of the witnesses' testimony and reject any contradicting
testimony. Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997). Here, the jury chose to
believe the evidence that established defendant as the individual who shot Andres, and we will not
substitute our judgment for that of the jury.

 After a review of all the evidence, we hold the evidence is legally and factually sufficient to
support the jury's verdict. 

CONCLUSION

 We overrule defendant's issues on appeal and affirm the trial court's judgment.


 Sandee Bryan Marion, Justice

DO NOT PUBLISH