In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-200 CR


NO. 09-04-201 CR


____________________



JERRY FRIDELL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 217th District Court


Angelina County, Texas


Trial Cause Nos. 23,879 & 23,880 






MEMORANDUM OPINION


 In Cause Number 23879, the trial court found Jerry Fridell guilty of aggravated sexual
assault of a child, and in Cause Number 23880 found Fridell guilty of possession of child
pornography. The trial court assessed punishment for possession of child pornography at ten
years confinement in the Texas Department of Criminal Justice, Institutional Division and
assessed punishment for aggravated sexual assault at confinement for life in the Texas
Department of Criminal Justice, Institutional Division. Fridell appeals his convictions in
both causes and brings four issues challenging the sufficiency of the evidence. 

 In reviewing legal sufficiency, we consider all the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319,
99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In reviewing the factual sufficiency of the evidence
to support a conviction, we are to view all the evidence in a neutral light, favoring neither
party. See Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004). The only question
to be answered in a factual sufficiency review is whether, considering the evidence in a
neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable
doubt. Id. at 484. There are two ways evidence may be factually insufficient: (1) the
evidence supporting the verdict or judgment, considered by itself, is too weak to support the
finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and
contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is
so strong that guilt cannot be proven beyond a reasonable doubt. Id. at 484-85. "This
standard acknowledges that evidence of guilt can 'preponderate' in favor of conviction but
still be insufficient to prove the elements of the crime beyond a reasonable doubt." Id. at
485. In other words, evidence supporting a guilty finding can outweigh the contrary proof
but still be insufficient to prove the elements of an offense beyond a reasonable doubt. Id. 
In performing a factual sufficiency review, we are to give deference to the fact finder's
determinations, including determinations involving the credibility and demeanor of
witnesses. Id. at 481; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). We may
not substitute our judgment for that of the fact finder's. Zuniga, 144 S.W.3d at 482.

 In issues one and two, appellant attacks the legal and factual sufficiency of the
evidence supporting his conviction for aggravated sexual assault of a child. In both issues,
appellant asserts that the only evidence showing that he penetrated the eleven-year-old 
victim's sexual organ is the victim's testimony, which appellant maintains is insufficient.
Without supporting authority, Appellant argues in both issues one and two that witness
testimony or medical evidence verifying the victim's testimony should be required in order
to support a finding of guilt with life imprisonment. Texas law is to the contrary. The
testimony of the child victim alone is sufficient to support conviction for aggravated sexual
assault. See Perez v. State, 113 S.W.3d 819, 838 (Tex. App.--Austin 2003, pet. ref'd); see
also Tex. Code Crim. Proc. Ann. art. 38.07(a), (b)(1)(Vernon Supp. 2005). (1) We find the
evidence both legally and factually sufficient to support appellant's conviction. Issues one
and two are overruled. 

 In issues three and four, appellant contests the legal and factual sufficiency of the
evidence supporting his conviction for possession of child pornography. In both issues,
appellant maintains that there is no clear link between him and the alleged pornographic
images and that others had access to the computer from which the images were acquired. 
The applicable statute provides, in relevant part, that a person commits the offense of
possession of child pornography if that person "knowingly or intentionally possesses visual
material that visually depicts a child . . . engaging in sexual conduct[.]" Tex. Pen. Code
Ann. § 43.26(a)(1) (Vernon 2003). 

 To support his contention there is no clear link between the images and him, appellant
cites the testimony of Detective Almond. Almond, who is trained in computer forensic work, 
examined the computer that appellant brought to the Sheriff's office on June 19, 2003, the
day after investigating officers requested appellant's consent to search the computer. On
cross-examination, Almond agreed he did not find anything on those recovered photographs,
such as appellant's name, that specifically linked them to appellant or showed that appellant
created them. 

 But Almond testified further that he used "Encase," a computer program that acquires
data from a suspect's hard drive and analyzes the data without writing anything to the images
obtained. Using this program on appellant's computer, the investigators recovered certain
photographs, identified as State's exhibits 1-54. Almond also explained that a "wash"
program had been used on the computer's hard drive during the early morning hours of June
19, 2003, and the images of State's exhibits 1-54 had been deleted from the computer but had
been recovered during the investigation. One of the recovered photographs was labeled
"twelve year old Vietnamese" and shows the girl engaged in sexual intercourse. 

 The victim testified that appellant acquired an email address for her on his computer
and showed her an email sent to that address that had a picture of a teenaged girl with "barely
any clothes on." The girl was only a little older than the victim. 

 Paul Brown, an employee of a computer forensic firm, testified his investigation of
the computer's hard drive showed that the term "Lolita" was on the hard drive over 5,000
times, while the term "teen" was present over 10,000 times. He further found that numerous
internet searches had been conducted with terms such as "preteen," "naked," and "young
female." 

 As to the photographs taken from his computer, the appellant testified he remembered
seeing several of them, but did not remember seeing most of them. Appellant asserted he
saw some of the images because they would "pop-up" while he was using the computer.
Appellant testified he used the washer program on his computer because he was aware his
computer contained images that he did not want to keep. He had tried to get rid of the
images and did not intend to have child pornography on his computer. 

 As to appellant's argument that others had access to the computer from which the
images were acquired, appellant fails to provide any record reference showing that others had
such access. While appellant maintains he did not use the search term "teen girls" on his web
browser, he also stated did not know who at his home might have used it or had an interest
in such matters. And, in attacking his possession conviction, appellant never argues that the
computer is not his or that the images obtained from his computer are not child pornography. 

 We defer to the fact finder's determination of the weight and credibility to be given
to appellant's testimony and may not substitute our judgment for that of the fact finders.
Zuniga, 144 S.W.3d at 482. 

 The numerous photographs recovered, the extensive use of appellant's computer in
searching for child pornography, and the appellant's attempts to erase material from the
computer all show that appellant's possession of child pornography was knowing or
intentional. We find that the evidence is legally sufficient to the support appellant's
conviction. Likewise, we find that the evidence is factually sufficient and that the
convictions are neither clearly wrong nor manifestly unjust. We overrule three and four and
affirm the trial court's judgment. 

 AFFIRMED.


 ________________________________

 DON BURGESS

 Justice


Submitted on November 23, 2004 

Opinion Delivered December 22, 2004

Do not publish 


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. Article. 38.07(a), (b)(1), in pertinent part, states: 


 (a) A conviction under Chapter 21, Section 22.011, or Section 22.021, Penal
Code, is supportable on the uncorroborated testimony of the victim of the
sexual offense if the victim informed any person, other than the defendant, of
the alleged offense within one year after the date on which the offense is
alleged to have occurred. 

 

 (b) The requirement that the victim inform another person of an alleged
offense does not apply if at the time of the alleged offense the victim was a
person: 

 (1) 17 years of age or younger; . . .


Tex. Code Crim. Proc. Ann. Art. 38.07(a), (b)(1) (Vernon Supp. 2004-2005).