Robert CAIN, Appellee,

v.

The STATE of Texas, Appellant.

No. 1525–96.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 18, 1997.

John Cornelius, Marshall, for appellant.

Jeffrey L. Van Horn, Asst. State's Atty., Matthew Paul, State's Atty., Austin, for State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

MEYERS, Judge, delivered the opinion of the Court in which BAIRD, MANSFIELD, KELLER and HOLLAND, Judges, joined.

Appellant was charged with violating the civil rights of a prisoner.[1] § 39.021(a)(1) Tex-

as Penal Code (Vernon 1993). The jury found Appellant guilty and assessed punishment at ten years' imprisonment, probated for five years, and a fine of five hundred dollars. As a condition of probation, Appellant was ordered to serve 30 days in the county jail.

The Tyler Court of Appeals reversed the conviction and ordered entry of a judgment of acquittal. *Cain v. State*, No. 12–93–00155–CR (Tex.App.—Tyler April 28, 1995) (unpublished opinion). We granted the State's petition for discretionary review, vacated the judgment of the Court of Appeals, and remanded the case for the Court of Appeals to consider the sufficiency of the evidence under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

On remand, the Court of Appeals determined the evidence to be legally sufficient, but factually insufficient to sustain the jury's verdict. The Court of Appeals reversed and remanded the case for a new trial. *Cain v. State*, No. 12–93–00155 (Tex.App.—Tyler September 30, 1996) (unpublished opinion).

We granted the State's petition for discretionary review to determine whether the court of appeals applied the correct legal standard for reviewing the factual sufficiency of the evidence.

**I.**

Appellant was a Harrison County constable. On the evening of March 25, 1991 Appellant and John Johnson, an off-duty Marshall police officer, were in Appellant's patrol car near Waskom, Texas. Johnson testified that he and Appellant had been drinking beer, and that they continued to drink beer during the events that transpired. They received a dispatch regarding a drunken person at a convenience store in Waskom. Appellant and Johnson claim that upon arriving at the convenience store they observed Forrest Anderson and found him to be so intoxicated that he was almost passed out. (At trial, Anderson testified that he had con-

---

1. At the time of the offense, the law defined the offense six elements: (1) a peace officer (2) intentionally subjects (3) a person (4) in custody (5) to bodily injury (6) knowing that his conduct is unlawful. Texas Penal Code § 39.021(a)(1) (Vernon 1993).

sumed up to eighteen beers that day.) The officers attempted to arrest Anderson who then "became rowdy." Eventually Anderson was successfully arrested and placed in Appellant's patrol car to be taken to the jail in Marshall. Johnson got into the back seat with Anderson, and Appellant drove.

Precisely what transpired during the ride to Marshall is unclear. According to Appellant, Anderson threatened to head butt Johnson as the vehicle was just a few miles outside of Waskom, and Johnson jabbed Anderson in the jaw. Appellant says he later stopped the car to speak with a truck driver because the truck's lights were flashing. Appellant further claims that while he was out of the car, Johnson beat Anderson on the left cheek and nose area. Johnson testified that Appellant only stopped the vehicle once, and that was to remove Anderson's handcuffs. Johnson also testified that while Appellant did not strike Anderson during the trip to Marshall, Appellant did hit Anderson in the face several times after arriving at the jail.

According to the State's theory of the case, at some point during the ride to Marshall, Appellant stopped the vehicle, pulled Anderson's hair, and got into the back seat, where he struck Anderson in the mouth and eye with a night stick. Anderson testified that Appellant and Johnson later stopped the vehicle to buy beer in Scottsville, and stopped at least two more times to wipe blood from Anderson's face. Anderson testified that he was only beaten in the patrol car on the way to the jail. At trial, Johnson testified that Appellant did not strike Anderson during the trip to Marshall, but that Appellant did hit Anderson in the face several times after arriving at the jail in Marshall.

The jailers noticed a little blood on Anderson's mustache and some minor swelling on the edge of his left eye, and they decided that Appellant should take Anderson to the hospital emergency room or a doctor. Appellant proceeded to do so, but the Med–Tex Medical Clinic in Marshall was closed,

and Anderson refused to go to the hospital, so Appellant took him back to the jail. Hall Reavis, a representative from the district attorney's office, investigated the scene at approximately 10:00 p.m. that evening. Reavis discovered blood on the wall and table of the booking room. He observed that Anderson's shirt was stained with blood, his left eye and cheek were injured, he had dried blood beneath his nose, and he appeared "very intoxicated." Anderson gave Reavis a written statement alleging that he had been beaten by Appellant during the car ride from Waskom.

Appellant was tried by a jury and convicted of Violating the Civil Rights of a Prisoner.

## II. The Court of Appeals' Decision

On appeal, Appellant argued that the evidence to support his conviction was factually insufficient.[2] The Court of Appeals found the evidence legally sufficient, but factually insufficient:

> After viewing all of the evidence impartially, we hold that the verdict was so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. It is undisputed that Anderson was intoxicated in varying degrees at various times, and may have been confused about some of the facts which occurred on the night in question. Additionally, Johnson admitted that he struck Anderson in the car. The testimony of various witnesses established that Anderson's face and clothes were bloody when he arrived at the jail.
> Additionally, the chronology of events following Anderson's arrival at the jail indicates that Appellant simply did not have time to beat Anderson in the booking room. Finally, two witnesses testified that Anderson told them that Appellant did not hit him at all, but that Johnson did.
> In short, although we are bound to find the evidence legally sufficient, as mandated by the Court of Criminal Appeals, we believe the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Having found

**2.** Appellant argued that the evidence was also legally insufficient to support his conviction, but that issue is not before this Court.

that the judgment was rendered in error, we reverse and remand for new trial.

*Cain v. State,* No. 12–93–00155–CR, slip op. at 5 (Tex.App.—Tyler Sept. 30, 1996) (unpublished).

In its petition for discretionary review, the State argues that the court of appeals incorrectly applied the legal standard for reviewing the factual sufficiency of the evidence.

## III. Appellate Review of Factual Sufficiency in the Courts of Appeals

■■■ We delineated the proper standard of review for the courts of appeals to apply in reviewing factual sufficiency grounds in *Clewis v. State,* 922 S.W.2d 126 (Tex.Crim.App. 1996).[3] In reviewing factual sufficiency of the elements of the offense, the court of appeals "views all the evidence without the prism of 'in the light most favorable to the prosecution' and sets aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Clewis,* 922 S.W.2d at 129 (internal quotation punctuation omitted). In *Clewis* this Court discussed three major principles to guide courts of appeals when conducting a factual sufficiency review.

■■■ First is the principle of deference to jury findings. The Code of Criminal Procedure establishes that the jury is the judge of the facts. Tex.Code Crim. Proc. art. 36.13,[4] 38.04.[5] In *Clewis* we explained that "[a]ppellate courts should only exercise their fact jurisdiction to prevent a manifestly un-

just result; . . . those courts 'are not free to reweigh the evidence and set aside a jury verdict merely because the judges feel that a different result is more reasonable.' " *Clewis* 922 S.W.2d at 135 (citing *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 634 (Tex.1986) quoting *Dyson v. Olin Corp.,* 692 S.W.2d 456, 458 (Tex.1985) (Robertson, J. concurring)) (ellipses in original). A court of appeals may not reverse a jury's decision simply because it disagrees with the result; the appellate court must defer to jury findings, and may find the evidence factually insufficient only where necessary to prevent manifest injustice.

■■■ Second, court of appeals must support a finding of factual insufficiency by providing a detailed explanation of that finding so that this Court can ensure that the appellate court accorded the proper deference to the jury findings. *See Clewis* 922 S.W.2d at 135, quoting *Meraz v. State,* 785 S.W.2d 146, 154 (Tex.Crim.App. 1990). We explained that when a court of appeals reverses a lower court decision on factual sufficiency grounds, it should "detail the evidence relevant to the issue in consideration and clearly state why the jury's finding is factually insufficient . . . as to be manifestly unjust; why it shocks the conscience; or clearly demonstrates bias. Further, those courts, in their opinions, should state in what regard the contrary evidence greatly outweighs the evidence in support of the verdict." *Clewis,* 922 S.W.2d at 135, citing *Pool,* 715 S.W.2d at 635 (as quoted in *Meraz,* 785 S.W.2d at 154 n. 2).

---

**3.** The *Clewis* standard applies only to review by the courts of appeals. In *Clewis* we expressly stated that "[t]his opinion is limited to the jurisdiction and proper standard of factual sufficiency review in the courts of appeals." *Clewis,* 922 S.W.2d at 129 n. 3. Because the Texas Constitution provides that the courts of appeals are the final arbiters of questions of fact, this Court, acting in our capacity as a discretionary review court, is without jurisdiction to perform its own factual sufficiency review using the *Clewis* standard.

**4.** "Unless otherwise provided in this Code, the jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby." Tex.Code Crim. Proc. art. 36.13. *See, e.g., Bowden v. State,* 628 S.W.2d 782, 784 (Tex.Crim.App.1982) (jury is judge of

facts, as well as credibility and weight to be assigned to testimony); *Dumas v. State,* 812 S.W.2d 611, 615 (Tex.App.—Dallas 1991, pet ref'd) (jury, as exclusive trier of fact, may accept or reject any or all of the evidence for either side); and *Privett v. State,* 801 S.W.2d 179, 181 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd) (jury is trier of fact and must follow instructions contained in the court's charge).

**5.** "The jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony[.]" Tex.Code Crim. Proc. art. 38.04. *See e.g., Bowden, supra* note 4; *Dumas, supra* note 4; *Alvarado v. State,* 818 S.W.2d 100, 105 (Tex.App.—San Antonio 1991, no pet.) (jury is sole trier of facts and judge of credibility; jury may choose to accept or reject any or all testimony).

■ Third, the standard of review for factual insufficiency states that courts of appeals must review "all the evidence." *Clewis*, 922 S.W.2d at 129. This differs from a legal sufficiency review, where the court of appeals considers only the evidence that supports the verdict. *See, e.g., Clewis*, 922 S.W.2d at 132, n. 10. The court of appeals must consider the evidence as a whole, not viewing it in the light most favorable to either party.

## IV. Review By This Court

### A. Jurisdiction

■ Article 5, Section 6 of the Texas Constitution contains what is often called the 'factual conclusivity clause,' which provides that "the decision of [the courts of appeals] shall be conclusive on all questions of fact brought before them on appeal or error." This Court has recognized that "the phrase 'questions of fact' is, in the context of Art. 5, Sec. 6, a legal term of art signifying 'questions of weight and preponderance of the evidence.'" *Combs v. State*, 643 S.W.2d 709, 715 (Tex.Crim.App.1982). This clause operates as a jurisdictional limitation on this Court, so that we are without jurisdiction to "pass upon the weight and preponderance of the evidence or 'unfind' a vital fact." *Combs*, 643 S.W.2d at 716 (citing *Martin v. State*, 605 S.W.2d 259 (Tex.Crim.App.1980) and *White v. State*, 591 S.W.2d 851 (Tex.Crim.App. 1979)).[6]

■ Our inability to decide questions of fact precludes *de novo* review of courts of appeals' factual decisions. This does not mean, however, that a court of appeals' deci-

sion is completely unreviewable. Whether the correct rule of law was applied is a purely legal question, within our jurisdiction. *Cf. Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex.1985).[7]

■ The scope of our review of a court of appeals' factual sufficiency decisions is a limited one. We are empowered only to determine whether the court of appeals applied the correct standard of review and considered all of the relevant evidence. We may not undertake a review that essentially redoes the sufficiency analysis. If we determine that the court of appeals applied an improper legal standard or failed to consider the relevant law, our only possible action is to remand the case to the court of appeals to review the factual sufficiency under the correct standard.

### B. Review of the Court of Appeals' Decision

■ In the present case, the court of appeals' decision is not in step with the three principles announced in *Clewis*. Although the court recited the proper standard of review,[8] it was not deferential to the jury's determination of witness credibility, it ignored the evidence supporting the jury's guilty verdict, and considered only the evidence that could be interpreted as favoring the defense theory of the case.

■ The majority of the evidence that the court cites in its factual sufficiency review concerns conflicting witness testimony. What weight to give contradictory testimonial evidence is within the sole province of the jury, because it turns on an evaluation of

---

6. *See, e.g., Lofton v. Texas Brine Corp.*, 777 S.W.2d 384 (Tex.1989), *Coulson v. Lake LBJ Mun. Util. Dist.*, 781 S.W.2d 594 (Tex.1989); *Omohundro v. Matthews*, 161 Tex. 367, 341 S.W.2d 401 (Tex.1960); *Gulf, Colorado & Santa Fe Ry. Co. v. Deen*, 158 Tex. 466, 312 S.W.2d 933 (1958); *Wilson v. Wilson*, 145 Tex. 607, 201 S.W.2d 226 (1947). *See also* Hall, *Revisiting Standards of Review in Civil Appeals*, 24 St. Mary's L.J. 1045, 1139 (1993) (Texas Constitutional provision "acts as a limitation on the judicial authority of the Supreme Court and confines its jurisdiction to questions of law.")

7. *See also Sage St. Assocs. v. Northdale Constr. Co.*, 863 S.W.2d 438 (Tex.1993), *rev'd on other*

grounds 937 S.W.2d 425 (Tex.1996); *Gee v. Liberty Mutual Fire Ins. Co.*, 765 S.W.2d 394 (Tex. 1989); *Herbert v. Herbert*, 754 S.W.2d 141 (Tex. 1988); *Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762 (Tex.1987); *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986); *Harmon v. Sohio Pipeline Co.*, 623 S.W.2d 314 (Tex.1981); *Tippett v. Brannon*, 493 S.W.2d 511 (Tex.1973).

8. "To conduct this evaluation, we review all of the evidence impartially and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. State*, No. 12–93–00155–CR, slip op. at 4 (Tex.App.—Tyler Sept. 30, 1996).

credibility and demeanor. For example, the Court of Appeals examined the testimony of the victim:

The testimony of Anderson, the complainant, was confused. He testified that Appellant struck him in the back of the patrol car and said that Appellant did not strike him in the jail booking room. Anderson further testified that, because he was so drunk, he could not remember details of the assault. Anderson admitted that on previous occasions he had been so intoxicated that he could not remember the events of the previous evening. In his original statement to the investigator, Anderson did not remember that he had been arrested at the convenience store.

Slip op. at 4. None of these factors—that Anderson was drunk, had trouble remembering the assault, and had been extremely intoxicated previously—definitively favor or contradict the jury's verdict; all bear on the amount of credibility Anderson's testimony should receive. While the Court of Appeals obviously finds that the listed factors make the victim a less than credible witness, this is only one possible interpretation; it is equally plausible that the victim's story, although "confused" is true and credible. The victim's testimony does not weigh definitively in favor of, or against, Appellant's guilt. As such, this determination is within the exclusive province of the jury, and a court of appeals must show deference to such a jury finding.

The Court of Appeals' summary, which concluded its opinion, clearly shows that the court incorrectly applied the factual sufficiency review.

After viewing all of the evidence impartially, we hold that the verdict was so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. It is undisputed that Anderson was intoxicated in varying degrees at various times, and may have been confused about some of the facts which occurred on the night in question. Additionally, Johnson admitted that he struck Anderson in the car. The testimony of various witnesses established that Anderson's face and clothes were bloody when he arrived at the jail. Additionally, the chronology of events following

Anderson's arrival at the jail indicates that Appellant simply did not have time to beat Anderson in the booking room. Finally, two witnesses testified that Anderson told them that Appellant did not hit him at all, but that Johnson did.

*Cain v. State,* No. 12–93–00155–CR, slip op. at 5 (Tex.App.—Tyler Sept. 30, 1996) (unpublished). As noted above, the victim's intoxication bears on credibility, which is a matter reserved for the jury. The fact that Johnson confessed to striking the victim does not definitively establish that Appellant did not. The fact that the victim's clothes and face were bloody prior to his arrival at the jail does not show that Appellant did not beat the victim, and does not conclusively establish that the victim was not also beaten at the jail. The courts of appeals are not at liberty to engage in fact-finding, so whether the Court of Appeals feels that Appellant "simply did not have time to beat" the victim is irrelevant. In addition, we note that the amount of time required to hit a person is not an absolute, which again leads to the conclusion that this matter should be left to the jury's informed resolution. Also, the testimony of the two witnesses was subject to the jury's determination of credibility based on the witnesses' appearance at trial, and in light of the other evidence presented in the case. The opinion's summary also highlights the fact that the Court of Appeals considered only evidence that could be interpreted to support its position that the Appellant was not guilty.

Finally, the Court of Appeals failed to consider *all* of the evidence, ignoring the evidence that supported the jury verdict. For example, the Court of Appeals' factual sufficiency review does not consider the testimony of Captain Ronnie Moore of the Sheriff's Department. Moore testified that Appellant pushed Anderson in the booking room, that Appellant apologized to Moore for his behavior, that Appellant had been drinking, and that Moore saw Appellant later that night "passed out" in his vehicle. Another witness, Captain Floyd Duncan, testified that he saw the victim's injuries when he was first brought to the jail, but that the injuries shown in the photographs taken at the jail

were worse than when he saw the victim prior to being taken into the booking room. Deputy Rick Sawyer presented nearly identical testimony. Jailer Kenny Allen testified that he heard Anderson say "they just beat me," that the blood on the wall in the booking room was fresh, and that the victim said "they have just beat me and look at the wall, that's why my blood is on the wall now," and that the Appellant did not deny the truth of that statement. In addition, some other relevant evidence cited in the legal sufficiency review was not considered in the factual sufficiency review, including that the victim gave a written statement to the investigator from the DA's office stating that Appellant beat him, and that the same investigator found blood on the wall and table of the booking room.

In its opinion, the Court of Appeals seems to be advancing its own hypothesis: that Johnson beat the victim, and therefore Appellant did not. The court's opinion discusses only evidence that could be interpreted as contrary to the verdict in support of its theory that Johnson beat the victim. In addition, much of the evidence presented in this case is subject to two equally reasonable interpretations, one pointing to Appellant's guilt and one pointing to Appellant's innocence. The court of appeals fails to elucidate exactly how the verdict was "so contrary to the *overwhelming weight* of the evidence as to be clearly wrong and unjust," as required by *Clewis*. A decision is not manifestly unjust merely because the jury resolved conflicting views of the evidence in favor of the State.

### Conclusion

The Court of Appeals incorrectly applied the factual sufficiency review standard set forth in this Court's opinion in *Clewis*. We emphasize that in performing a factual sufficiency review, the courts of appeals are required to give deference to the jury verdict, examine *all* of the evidence impartially, and set aside the jury verdict "only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Clewis*, 922 S.W.2d at 129.

Because the Court of Appeals' factual sufficiency review did not defer to the jury's verdict and credibility determinations, and failed to consider *all* of the evidence impartially, we vacate the decision of the Court of Appeals, and remand this cause for proceedings not inconsistent with this opinion.

McCORMICK, P.J., concurs.

OVERSTREET and WOMACK, JJ., dissent.

PRICE, J., not participating.