NUMBER 13-99-303-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


MOSES LISERIO
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 24th District Court


of Calhoun County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Kennedy(1)

Opinion by Justice Kennedy


 Appellant was found guilty by a jury of the murder of Carlos
Cabrera by shooting him with a firearm. The jury then assessed
punishment at confinement for sixty years. Appellant's brief brings a
single point of error which alleges insufficient evidence to convict.

 There was no eyewitness to the shooting. Cabrera was shot while
sitting in his pickup truck in front of a convenience store. An employee
of the store heard a shot outside and called 911. This employee was
not able to identify appellant.

 Two witnesses testified to phone calls they each received in which
appellant stated that he had just shot Carlos. One of the witnesses
testified that after receiving the call, he drove with his aunt, Melba
Cabrera (Carlos' wife), to the scene of the shooting. Appellant and
Melba had been having an affair previously.

 Appellant was arrested following a car chase which ended in the
wreck of appellant's car. Appellant was the only person in the car. A
nine millimeter handgun was found in appellant's car by the arresting
officers. A Department of Public Safety expert testified that bullets
removed from Cabrera's body were fired from the pistol.

 For purposes of proving guilt beyond a reasonable doubt, direct
and circumstantial evidence are equally probative. Hankins v. State,
646 S.W.2d 191, 199 (Tex. Crim. App. 1981).

 In alleging insufficiency of the evidence, appellant does not specify
whether he refers to legal or factual insufficiency. We address this
point of error from the standpoint of both theories.

 To determine whether the evidence is legally sufficient to support
the verdict, we view the evidence in the light most favorable to the
verdict and ask whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318, 319; Weightman v. State, 975 S.W.2d 621,
624 (Tex. Crim. App. 1998). In a factual sufficiency review, we examine
all of the evidence impartially and set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

 We conclude that any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt in this case. 
Having examined the evidence impartially, we conclude that the verdict
is not so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. The evidence was not insufficient. We
overrule the one point of error and AFFIRM the judgment of the trial
court.

 NOAH KENNEDY

 Retired Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this the 14th day of December, 2000.


1. Retired Justice Noah Kennedy assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§ 74.003 (Vernon 1998).