11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Minh
Phouc Chung

Appellant

Vs.                   Nos. 11-03-00203-CR & 11-03-00204-CR --
Appeals from Harris County

State
of Texas

Appellee

 

Minh Phouc Chung appeals his conviction by a jury
of the offenses of aggravated assault on a public servant[1]
and possession of less than one gram of cocaine.[2]  The jury assessed his punishment for
aggravated assault on a public servant at 40 years in the Texas Department of
Criminal Justice, Institutional Division, and at 6 years in the Texas
Department of Criminal Justice, Institutional Division, for the possession of
cocaine.  He contends in a single issue
that the evidence was legally and factually insufficient to support his
conviction for the offense of aggravated assault on a public servant.  We affirm as to both convictions.

In reviewing the legal sufficiency of the evidence
to support a conviction, we view all the evidence in the light most favorable
to the verdict. Cardenas v. State, 30 S.W.3d 384, 389-90
(Tex.Cr.App.2000); Narvaiz v. State, 840 S.W.2d 415, 423
(Tex.Cr.App.1992).  The critical inquiry
is whether, after so viewing the evidence, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  McDuff v. State, 939 S.W.2d 607, 614
(Tex.Cr.App.), cert. den=d,
522 U.S. 844 (1997).  This standard gives
full play to the responsibility of the trier of fact to resolve conflicts in
the testimony, to weigh the evidence, and to draw reasonable inferences from
basic facts to ultimate facts.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979).








In order to determine if the evidence is factually
sufficient, we must review all of the evi-dence in a neutral light and
determine whether the evidence supporting guilt is so weak that the verdict is
clearly wrong and manifestly unjust or whether the evidence contrary to the
verdict is so strong that the beyond-a-reasonable-doubt burden of proof could
not have been met.  Zuniga v. State,
No. 539-02, 2004 WL 840786 (Tex.Cr.App. April 21, 2004); Ross v. State,
133 S.W.3d 618 (Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis
v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). 
In performing this review, we are to give due deference to the fact
finder=s
determinations.  Johnson v. State,
23 S.W.3d 1, 8-9 (Tex.Cr.App.2000); Clewis v. State, supra at 136.  Consequently, we may find the evidence
factually insufficient only where necessary to prevent a manifest injustice.  Johnson v. State, supra at 9, 12; Cain
v. State, supra at 407.

  A person
commits the offense of assault if he or she intentionally or knowingly
threatens another with imminent bodily injury. 
TEX. PENAL CODE ANN. '
22.01(a)(2) (Vernon Supp. 2004 - 2005). 
Aggravated assault occurs if, in the course of committing an assault
under Section 22.01 (a)(2), the person uses or exhibits a deadly weapon.  TEX. PENAL CODE ANN. '
22.02(a)(2) (Vernon Supp. 2004 - 2005). 
An offense under Section 22.02(a)(2) is a first degree felony if the
offense is committed against a person that the actor knows is a public servant
while the public servant is lawfully discharging an official duty.  TEX. PENAL CODE ANN. '
22.02(b)(2) (Vernon  Supp. 2004 - 2005). 

Officer Jason Campbell of the Houston Police
Department testified that he was conducting a narcotics investigation at the
Broadway Park Apartments on November 12, 2002. 
He indicated that, while he and his partner were watching a particular
area of the apartments near midnight or one o=clock
a.m., Chung drove and parked in an area that was not designated for any type of
parking.  He said that Chung walked
toward the apartments he and his partner were watching and then returned to his
car five minutes later.  








Officer Campbell testified that he and his
partner, while in full police uniform, approached Chung to see if he lived
there.  He indicated that, after they had
identified themselves as police officers, Chung started yelling and running
back toward the apartment area from which he had come.  Officer Campbell stated that his partner
chased Chung, while he went to try to cut him off.  Officer Campbell said that, when he
encountered Chung, Chung had a gun in his right hand.  Officer Campbell indicated that the gun was
up in the air, not down by his side or in his waistband.  Officer Campbell testified that he
yelled:  AGun,@ and that Chung turned toward Officer
Chris Sturdivant and pointed his gun at him. 
Officer Campbell said that Officer Sturdivant struck Chung=s hand two or three times before he
released the weapon.  

Officer Sturdivant testified about the officers
approaching Chung and about their chasing him when he ran after they had
identified themselves.  He stated that,
when Officer Campbell yelled: AGun,@ he saw Chung with the gun in his hand
rotating toward him.  He said that he was
in fear.  He indicated that it all
happened very fast.  He said that Chung
had the gun pointed at his gut.  He
related that he then struck Chung on the arm with his flashlight several times
until Chung released the weapon.  

Chung testified that, after going to an apartment
seeking drugs, he saw police officers. 
He said that as soon as he saw them, he dropped his gun and lay on the
ground.  He indicated that he was afraid
the officers would shoot him if he had a gun in his hand.  He stated that the officers arrested him but
did not hit him.     

We find that the evidence is legally and factually
sufficient to support Chung=s
conviction for aggravated assault on a public servant.  While Chung suggests that the gun was only
incidentally pointed toward the officers, the jury could reasonably have
determined from the evidence that Chung intentionally pointed the gun at the
officers.  We overrule Chung=s sole issue which relates solely to
his conviction for aggravated assault on a public servant.  He presents no issue with respect to his
conviction for possession of cocaine.

The judgments in both cases are affirmed.

 

PER CURIAM

 

September 30, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot, C.J., and 

Wright,
J., and Hill, S.J.[3]











[1]Cause No. 11-03-00205-CR.





[2]Cause No. 11-03-00204-CR.





[3]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.