11th Court of Appeals
Eastland, Texas
Opinion
 
Brian Keith Maiese 
            Appellant
Vs.            No. 11-04-00074-CR -- Appeal from Dawson County
State of Texas 
            Appellee
 
            In a four-count indictment, Brian Keith Maiese was charged with two offenses of aggravated
sexual assault of a child (Counts I and II) and two offenses of indecency with a child (Counts III and
IV). The jury convicted appellant of all four counts and assessed punishment in Count I at 99 years 
confinement and a $10,000 fine, in Count II at 99 years confinement and a $10,000 fine, in Count
III at 20 years confinement and a $10,000 fine, and in Count IV at 20 years confinement and a
$10,000 fine. The trial court rendered a separate judgment on each count and ordered the sentences
in Count I and Count II to run consecutively. We affirm.
            The indictment charged in Count I that one sexual assault occurred on or about December
25, 2001, and in Count II that the other assault occurred on or about March 20, 2002. Both counts
alleged that appellant had committed the assault by penetrating the anus of the minor with the male
sexual organ of appellant. The victim was born on January 24, 1996. Appellant was the victim’s
stepfather at the time of the alleged conduct.
            In a single point of error, appellant argues that the evidence was legally and factually
insufficient to support his conviction for the offense alleged in Count II of the indictment.
Specifically, appellant argues that the evidence was legally and factually insufficient to support a
finding that he penetrated the anus of the victim with his penis on more than one occasion. 
Appellant seeks a reversal of the conviction and an acquittal of the offense alleged in Count II.
            In order to determine if the evidence is legally sufficient, we must review all of the evidence
in the light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). In order to determine if the
evidence is factually sufficient, we must review all of the evidence in a neutral light and determine
whether the evidence supporting guilt is so weak that the verdict is clearly wrong and manifestly
unjust or whether the evidence contrary to the verdict is so strong that the beyond-a-reasonable-doubt
burden of proof could not have been met. Zuniga v. State, 144 S.W.3d 477 (Tex.Cr.App.2004); Ross
v. State, 133 S.W.3d 618 (Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d
126 (Tex.Cr.App.1996). We review the fact finder’s weighing of the evidence and cannot substitute
our judgment for that of the fact finder. Cain v. State, supra; Clewis v. State, supra. Due deference
must be given to the jury’s determination, particularly concerning the weight and credibility of the
evidence. Johnson v. State, 23 S.W.3d 1 (Tex.Cr.App.2000); Jones v. State, 944 S.W.2d 642
(Tex.Cr.App.1996), cert. den’d, 522 U.S. 832 (1997). This court has the authority to disagree with
the fact finder’s determination “only when the record clearly indicates such a step is necessary to
arrest the occurrence of a manifest injustice.” Johnson v. State, supra at 9.
            Garey Womack, the victim’s grandfather, testified as an outcry witness. In August 2002, the
victim told him that appellant had touched him. The victim said that, when he was spending the
night at his great grandparents’ house, appellant would come into his room at night, pull his
underwear down, touch his privates, and hurt his butt. The victim told Womack that appellant had
done this to him more than two times.
            The victim testified that appellant had sex with people a lot and that appellant had sex with
him. He said that appellant would come into his room, wake him up, take off his pants, and touch
him. The victim said that appellant “uses his pee-pee a lot” and “[p]uts it in my butt sometimes.”
Appellant hurt the victim when he did this. The victim also said that appellant did it about 15 times.
            Patricia Ann Salazar, a sexual assault nurse examiner, testified that she performed an
examination on the victim on August 20, 2002. She said that the victim referred to his male genitalia
as his “pecker.” The victim told her that his daddy (appellant) had touched his bottom with
appellant’s “pecker.” It hurt him when appellant did this to him.
            Dr. Beth Shapiro, a licensed therapist, provided counseling sessions to the victim. Dr.
Shapiro testified that the victim told her that appellant had sex with him and that he hated appellant
for it. The victim described to Dr. Shapiro how he had been anally penetrated by appellant’s penis.
            The evidence was both legally and factually sufficient to support appellant’s convictions for
two offenses of aggravated sexual assault of a child. The testimony of Womack and the victim
supports a finding that appellant penetrated the victim’s anus on more than one occasion. 
Appellant’s sole point of error is overruled.
            The judgment of the trial court is affirmed.
 
                                                                                                TERRY McCALL
                                                                                                JUSTICE
 
May 26, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.