Opinion filed August 16, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed August 16, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00165-CR

                                                     __________

 

                                  BRIAN
WAYNE RIVERS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                             On
Appeal from the 338th District Court

 

                                                            Harris County,
Texas

 

                                                    Trial
Court Cause No. 1030792

 



 

                                                                   O
P I N I O N      

Brian Wayne Rivers appeals his conviction by a
jury of the offense of murder.  The jury
assessed his punishment at life imprisonment in the Texas Department of
Corrections, Institutional Division. 
Rivers contends in a single issue on appeal that the evidence is
factually insufficient to support his conviction because the State did not
prove his identity beyond a reasonable doubt. 
We affirm.








In order to determine if the evidence is factually
sufficient, the appellate court reviews all of the evidence in a neutral light.
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling
in part Zuniga v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson
v. State, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State,
958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, the reviewing court determines
whether the evidence supporting the verdict is so weak that the verdict is
clearly wrong and manifestly unjust or whether the verdict is against the great
weight and preponderance of the conflicting evidence. Watson, 204 S.W.3d
at 414-15; Johnson, 23 S.W.3d at 10-11.

Viola Howard, the victim=s
sister, testified that her brother accompanied her to the car in which she was
going to ride as she was leaving a birthday party for him.  She indicated that a green Cadillac pulled up
near them.  She said that someone turned
the Cadillac=s lights
off and the shooting started.  She
testified she saw ABrian@ in the car.  She stated that the person looked familiar to
her but that it did not register to her at first that it was ABrian@
she had seen.

Viola testified that, after she was checked out at
the hospital, she returned to the scene of the shooting.  She said she described the car to police at
the scene and told them that there were three black males in the car.  She acknowledged that she told police that
she was not able to see who did the shooting. 
She explained the fact that it had not yet registered on her that she
had seen ABrian.@ She noted that it had been seven or
eight years since she had seen him and that that was when she was in the eighth
or ninth grade.  She declared that he had
gained a lot of weight.  She also noted
that she was more concerned at that time about what could be done to help her
brother than about who had shot him.  In
court, she identified Rivers as the ABrian@ she was referring to.  She testified that on the night of the
shooting she saw Rivers with a gun in his hand, shooting at her brother.  She said she let police know that she
believed it was Rivers who had done the shooting.

Viola testified that she subsequently identified
Rivers in a police photo spread as the man she saw in the car shoot her
brother.  She indicated that, when she
saw the photograph of Rivers as he currently appeared, she was certain it was
the same person.  She also said that she
was certain, looking at Rivers, that he was the person who had done the
shooting.  None of the other witnesses
was able to identify Rivers as a shooter. 









Based upon all the evidence, we hold that the
evidence is factually sufficient to support the conviction because we do not
find that the evidence supporting the verdict is so weak that the verdict is
clearly wrong and manifestly unjust or that the verdict is against the great
weight and preponderance of the evidence. 
Rivers=s attack
against Viola=s
identification of him as a shooter is based upon the panic that occurred after
the shooting, upon the fact that she initially told police she could not see
the shooters well enough to identify anyone, and upon her knowledge of a feud
between her family and that of Rivers.

Relying on Johnson v. State, 978 S.W.2d 703
(Tex. App.CCorpus
Christi 1998), aff=d,
23 S.W.3d 1 (Tex. Crim. App. 2000), Rivers asserts that the accuracy of
identification by an eyewitness can be a basis for overturning a conviction
based upon factual insufficiency.  While
Rivers=s
assertion about eyewitness testimony is correct, we find Johnson to be
distinguishable from the case at bar.

In Johnson, the victim of an assault
testified that she Abelieved@ she saw the face of her attacker.  Johnson, 978 S.W.2d at 705.  She indicated that she Abelieved@
the attacker=s ski
mask came off when he forced her to do oral sex.  Id.
 She said he did not have the ski
mask on as he was driving back into town but that she did not look at him.  Id.
at 706.  She said that she was positive
he was the one, but not 100% positive because it was dark, she was blindfolded,
she was very scared, her assailant had a ski mask on most of the time, and she
did not take a very good look at him.  Id.  There was evidence that the victim failed
to identify Johnson in a police photographic lineup.  Id.
There is no indication that the victim previously knew her assailant.

In the case at bar, although Viola told police
initially that she could not see who did it, she subsequently remembered that
she could tell it was Rivers, whom she had gone to school with, and identified
him in a police photographic lineup.  Her
identification in court was unequivocal. 
Her inability to initially name Rivers to the police was explained by
her concern about her brother=s
condition and the fact that Rivers had gained weight since she had last seen
him.  We overrule Rivers=s sole issue on appeal.

The judgment is affirmed.

 

PER CURIAM

August 16, 2007

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  McCall, J.,

Strange,
J., and Hill, J.[1]











[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.