Opinion filed September 25, 2008 











 
 
  
 
 







 
 
  
 
 




Opinion filed September
25, 2008 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00354-CR

                                                    __________

 

                                      IRA JAMES BANKS, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown
County, Texas

 

                                                 Trial
Court Cause No. CR18750

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
jury convicted Ira James Banks of possession of cocaine.  The trial court found
the enhancement allegations to be true and assessed his punishment at
confinement for sixty years.  We affirm.

In
his sole issue, appellant argues that the evidence is factually insufficient to
support his conviction.  Specifically, appellant contends that testimony
connecting him with the cocaine recovered on the ground is contradictory and,
therefore, factually insufficient.








To
determine if the evidence is factually sufficient, the appellate court reviews
all of the evidence in a neutral light.  Watson v. State, 204 S.W.3d
404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga v. State, 144
S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11
(Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex.
Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996).  Then, the reviewing court determines whether the evidence supporting
the verdict is so weak that the verdict is clearly wrong and manifestly unjust
or whether the verdict is against the great weight and preponderance of the
conflicting evidence.  Watson, 204 S.W.3d at 414-15; Johnson, 23
S.W.3d at 10-11.

Brownwood
Police Officers James Fuller and Patrick E. Sloan were in pursuit of a robbery
suspect at 1:55 a.m.  The officers were in an area of known drug-related
activity and entered the backyard of an abandoned house.  The house was used
for drug trafficking and was also used by homeless people.  The backdoor was
missing.  Officer Fuller was in front and shined his flashlight at a figure at
the back of the house.  Appellant said, AHey,
man, what do you want.@ 
Officer Fuller realized that appellant thought they were there to buy drugs and
told appellant to come forward with his hands in the air.  Appellant was
wearing a sweatshirt with pockets across the front.  Appellant put one hand in
the air but put the other in his sweatshirt pocket.

Officer
Fuller yelled for appellant to put both of his hands on the back wall of the house. 
Officer Fuller saw a knife and a pair of binoculars in appellant=s free hand.  When Officer
Fuller yelled that appellant had a knife, Officer Sloan holstered his weapon
and used both of his hands to restrain appellant against the wall.  Appellant
still had one hand in his sweatshirt pocket.  As Officer Sloan grabbed
appellant=s hand that
was in his pocket, appellant moved his hand.  Officer Fuller saw a small, dark
object leave appellant=s
hand.  He saw the trajectory of the object.  Appellant also looked down at
where the object landed.  Officer Sloan did not see anything leave appellant=s hand; however, he did
hear a Alight plunking
sound@ and looked down
briefly.

The
officers searched appellant and found a crack pipe in the pocket of his pants. 
After appellant was secured, the officers returned to where appellant had been
standing and found a small container wrapped in black electrical tape.    The
container matched the object that Officer Fuller saw appellant throw, and
Officer Fuller testified that, in his mind, Ait
was the object@
appellant threw.  The only other dark objects in that area were one or two beer
bottles.  The container held ten to fifteen white chunks of crack cocaine.








At
trial, both officers testified that appellant kept his right hand in his
sweatshirt pocket.  Officer Sloan testified on cross-examination that, in his
report he made the night of the offense, he wrote appellant had his left hand
in his pocket.  Appellant argues that this discrepancy between which hand he
had in his pocket and Officer Fuller=s
testimony that he had Aa
fair degree of certainty@
that the container of crack cocaine was what appellant had had in his hand
shows that the evidence is factually insufficient.  We disagree.

The
appellate court reviews the factfinder=s
weighing of the evidence and cannot substitute its judgment for that of the
factfinder.  Cain, 958 S.W.2d at 407; Clewis, 922 S.W.2d at 133. 
Due deference must be given to the factfinder=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson, 23 S.W.3d at 10-11; Jones v. State, 944
S.W.2d 642 (Tex. Crim. App. 1996).  The jury, as the finder of fact, is the
sole judge of the weight and credibility of the witnesses= testimony.  Tex. Code
Crim. Proc. Ann. art.
36.13 (Vernon 2007), art. 38.04 (Vernon 1979).  This court has the authority to
disagree with the factfinder=s
determination Aonly
when the record clearly indicates such a step is necessary to arrest the
occurrence of a manifest injustice.@ 
Johnson, 23 S.W.3d at 9.

When
all of the evidence is viewed in a neutral light, a rational jury could have
concluded that appellant threw the container of crack cocaine during his
struggle with the officers.  The object matched the object Officer Fuller saw
appellant throw, and it was recovered from the place where Officer Fuller saw
the object land.  The record does not clearly indicate that the jury=s resolution of which hand
appellant kept in his pocket resulted in a manifest injustice.  Therefore, we
find that the evidence supporting the verdict is not so weak that the verdict
is clearly wrong and manifestly unjust and that the verdict is not against the
great weight and preponderance of the conflicting evidence.  The sole issue is
overruled.  

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE         

 

September 25,
2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.