**Opinion filed December 17, 2009**



In The

# Eleventh Court of Appeals

———————

## No. 11-08-00145-CR

———————

**GLENN DAVID TURNER, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause No. D-34,778**

## M E M O R A N D U M   O P I N I O N

The jury convicted appellant, Glenn David Turner, of failing to comply with the registration requirements for a sex offender. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a) (Vernon 2006). The trial court sentenced him to thirty-five years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

*Background Facts*

The indictment charged appellant with failing to report a change of employment to the local law enforcement authority. Mary Burditt is the sex offender registrar for the City of Odessa. She

testified that appellant registered as a sex offender with her office on May 25, 2007. She further testified that appellant did not report any job status when he initially registered with the department and that he did not register a change in job status at any time in 2007.

The State called Davaline Adams as a witness at trial. Adams testified that she had been employed by Wagner Roofing for the preceding five-year period as a secretary and that she knew appellant because he worked for her boyfriend, Jim Wagner, at Wagner Roofing. She testified that appellant worked for Wagner Roofing from July to September 2007. During Adams's testimony, the State offered into evidence an IRS Form 1099 that she prepared. The 1099 tax form indicates that Wagner Roofing paid appellant $3,558.79 in 2007. In this regard, Adams testified that appellant worked as a contract laborer for Wagner Roofing.

*Analysis*

Appellant challenges the legal and factual sufficiency of the evidence in a single issue. To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Jackson v. State*, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part *Zuniga v. State*, 144 S.W.3d 477 (Tex. Crim. App. 2004)); *Johnson v. State*, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, the reviewing court determines whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 10-11.

Appellant directs his evidentiary challenge to the evidence pertaining to the State's allegation that he was employed by Wagner Roofing. He contends that there is no evidence to establish that he was employed by Wagner Roofing and that, therefore, there is no evidence of a change in his job status. A person fails to comply with registration requirements if he or she fails to report a change in employment status within seven days. *See* TEX. CODE CRIM. PROC. ANN. art. 62.057(b) (Vernon Supp. 2009). A job status changes when a person begins employment with a new employer. *See* TEX. CODE CRIM. PROC. ANN. art. 62.057(c) (Vernon Supp. 2009).

2

As noted previously, Adams testified that she was employed as a secretary at Wagner Roofing and that appellant worked for her boyfriend at Wagner Roofing. Appellant argues that Adams's testimony should be disregarded for a number of reasons, including her felony criminal record, her inability to validate appellant's signature on invoices purportedly submitted by him, and the lack of evidence that the social security number on the 1099 tax form constituted appellant's social security number. With respect to Adams's criminal record, the jury, as the finder of fact, was solely responsible for determining the weight and credibility of Adams's testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979). As for the 1099 tax form admitted into evidence, appellant is correct in his assertion that Adams was not able to verify through her oral testimony that it contained appellant's social security number. However, the State also offered into evidence the "Pre-Release Notification Form" signed and submitted by appellant that lists the same social security number for appellant.

Viewing the evidence in the light most favorable to the jury's verdict, a rational finder of fact could have concluded that appellant's job status changed based upon Adams's testimony and the 1099 tax form admitted into evidence. Viewing the evidence in a neutral light, the evidence was not so weak as to render the jury's verdict to be clearly wrong. While Adams was unable to verify various invoices purportedly submitted by appellant for payment, she was able to authenticate the 1099 tax form. Furthermore, her status as a secretary of Wagner Roofing provided a factual basis to establish that she had personal knowledge of appellant's employment with Wagner Roofing. *See* TEX. R. EVID. 602. Lastly, there is no contrary evidence that conflicts with the jury's verdict. Accordingly, we conclude that the jury's verdict is supported by legally and factually sufficient evidence. Appellant's sole issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.

TERRY McCALL
JUSTICE

December 17, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

3