11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Mario Favian Vasquez

Appellant

Vs.                   No. 
11-03-00136-CR -- Appeal from Dallas County

State
of Texas

Appellee

 

The jury convicted Mario Favian
Vasquez of aggravated sexual assault. 
The jury assessed appellant=s
punishment at 70 years confinement and a $5,000 fine.  We affirm.

In two issues on appeal, appellant argues that the
evidence is legally and factually insufficient to support his conviction.  In order to determine if the evidence is
legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664
(Tex.Cr.App.2000).  In order to
determine if the evidence is factually sufficient, we must review all of the
evidence in a neutral light and determine whether the evidence supporting guilt
is so weak that the verdict is clearly wrong and manifestly unjust or whether
the evidence contrary to the verdict is so strong that the
beyond-a-reasonable-doubt burden of proof could not have been met.  Zuniga v. State, 144
S.W.3d 477 (Tex.Cr.App.2004); Ross v. State, 133 S.W.3d 618
(Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126
(Tex.Cr.App.1996).  We review the
fact finder=s
weighing of the evidence and cannot substitute our judgment for that of the
fact finder.  Cain
v. State, supra; Clewis v. State, supra.  Due deference must be given to the jury=s determination, particularly
concerning the weight and credibility of the evidence.  Johnson v. State, 23
S.W.3d 1 (Tex.Cr.App.2000); Jones v. State, 944 S.W.2d 642
(Tex.Cr.App.1996), cert. den=d,
522 U.S. 832 (1997).  This court
has the authority to disagree with the fact finder=s
determination Aonly when
the record clearly indicates such a step is necessary to arrest the occurrence
of a manifest injustice.@  Johnson v. State, supra at 9.








Appellant was indicted for the offense in April
1992; however, he was not tried for the offense until February 2003.  At the time of trial, the victim, appellant=s stepdaughter, was 23 years old.  The victim testified that, when she was 12
years old, she became pregnant. At that time, the victim told her mother that
appellant had sexually abused her.[1]  The victim stated that she had Aintercourse@
with appellant and that she knows what is meant by the term Aintercourse.@
The victim further stated that on one occasion appellant asked her to Alie down@
on his lap. The victim put her head in appellant=s
lap, and he asked her to Ado
a favor@ for him.
The victim then unzipped appel-lant=s pants and put his penis in her
mouth.  The victim stated that appellant
put his penis Ainside@ of her more than once.  The victim further testified that appellant
put his penis A[o]n her
two privates.@ The
victim defined her Atwo
privates@ as her Avaginal@
and her Abutt.@

Appellant=s
written statement was admitted into evidence.[2]  In his statement, appellant admitted that the
victim touched his penis with her hands and put his penis in her mouth.  Appellant further stated that the victim Aput his penis in her back, and her
anus.@

Appellant argues that the evidence is legally and
factually insufficient to support his conviction because the evidence does not
establish that he caused the penetration of the victim=s
sexual organ as alleged in the indictment. 
Appellant specifically argues that, because the victim testified that
appellant put his penis Aon@ her privates, the evidence is insufficient
to show penetration of the female sexual organ. 
The victim testified, however, that she had Aintercourse@ with appellant, and she stated that
she knows what is meant by the term Aintercourse.@ 
The victim further testified that appellant put his penis Ainside@
of her.  Viewing the evidence in the
light most favorable to the verdict, a rational trier
of fact could have found the essential elements of the offense beyond a
reasonable doubt.  Moreover, the evidence
is not so weak as to render the verdict clearly wrong or manifestly unjust, nor
is the evidence to the contrary so strong that the State=s
burden of proof could not have been met. 
Appellant=s first
and second issues on appeal are overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

JUSTICE

 

January 31, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot,
C.J., and

Wright,
J., and McCall, J.











[1]The victim stated that she could not be sure that she
was carrying appellant=s child because she also had had Aintercourse@ with her
boyfriend. 





[2]Appellant=s
statement was written in Spanish and translated to English.