Opinion issued February 17, 2005










In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00209-CR




DALE ROY KYLES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 961019




MEMORANDUM OPINION
          Appellant, Dale Roy Kyles, pleaded not guilty to the felony offense of assault
on a public servant. A jury found him guilty, found two enhancement allegations of
prior felony convictions to be true, and assessed punishment at 99 years in prison.
Appellant asserts factual and legal insufficiency of the evidence. We affirm.
BACKGROUND
          On September 3, 2003, appellant, a prisoner housed in the Harris County Jail’s
double door lock-down section, requested that he be allowed to attend recreation. 
Harris County Sheriff’s Deputies Roy Pantoya and Duane Jones came to appellant’s
cell to escort him to a recreational area. Jones opened appellant’s cell door and
Pantoya entered in order to handcuff and shackle appellant for transport. Pantoya
testified at trial that appellant was aggressive and said “Just handcuff me, bitch; do
your job Mexican.” Pantoya stated that, when he told appellant to stop his aggressive
behavior or his recreation would be cancelled, appellant struck him in the right eye. 
Pantoya testified that a struggle ensued during which appellant put him in a headlock
and bit him twice, leaving bite marks and causing him pain. 
          Appellant testified that, when Pantoya opened his cell door, he went to his
bunk and placed his hands on the wall “[like] they tell us we supposed to do.” 
Appellant said that Pantoya taunted him after entering his cell, but that he did not
respond to Pantoya’s taunts other than to tell him, “I’m not going to trip with you
man” and “go on with that bullshit,” and that he stepped away from Pantoya. 
Appellant stated that he saw Jones come into his cell, heard him say “I ain’t seen
shit,”and then saw him leave the cell. Appellant testified that Pantoya wrapped
handcuffs around his fist “like brass knuckles,” struck appellant, and then the two
men “tussled.” Appellant stated that Pantoya repeatedly hit him, causing his forehead
to bleed, until he got Pantoya in a “choke hold,” punched him in the right eye and bit
him. Appellant said he was handcuffed by Jones and later treated by a nurse for his
injuries. 
          Jones testified that he was standing outside the cell after Pantoya entered and
could only hear muffled sounds until the sounds “escalated to yelling,” at which point
he entered the cell and saw that appellant had Pantoya in a headlock. Jones subdued
appellant and handcuffed him. Jones said he saw no visible injuries on appellant, but
saw a mark under Pantoya’s right eye.
          Sergeant Forest C. McGee testified that he went to the clinic where Pantoya
and appellant were taken and that appellant was uncooperative with the nursing staff,
appeared to have no injuries, wasn’t bleeding, and received no medical treatment.
                                                       DISCUSSION
          Appellant challenges the legal and factual sufficiency of the evidence. In
reviewing the evidence on legal sufficiency grounds, we view the evidence in the
light most favorable to the prosecution to determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 2788–89 (1979); King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). In a factual sufficiency review,
we view all the evidence in a neutral light, and we will set the verdict aside only if the
evidence is so weak that the verdict is clearly wrong and manifestly unjust, or the
contrary evidence is so strong that the standard of proof beyond a reasonable doubt
could not have been met. Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App.
2004), petition for cert. filed, (citing Zuniga v. State, 144 S.W.3d 477, 481 (Tex.
Crim. App. 2004)). We should not substitute our own judgment for that of the fact
finder. Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). 
          In support of both challenges, appellant argues that the only witnesses to the
fight were himself and Pantoya and admits that his testimony that he acted in self-defense conflicts with Pantoya’s testimony, but asserts that his testimony was “more
persuasive.” The jury is the exclusive judge of the facts, the credibility of the
witnesses, and the weight to be given to the witnesses’ testimony. Jaggers v. State,
125 S.W.3d 661, 672 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d). The jury
may believe all, some, or none of any witness’s testimony. See Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986) (stating that the jury “could choose to
believe or not believe the witnesses, or any portion of their testimony”). A jury
decision is not manifestly unjust merely because the jury resolved conflicting views
of evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim.
App. 1997). 
          Viewing the evidence in the light most favorable to the prosecution, we hold
that a rational trier of fact could have found, beyond a reasonable doubt, that
appellant assaulted Deputy Pantoya. Viewing all the evidence in a neutral light, we
hold that the evidence that appellant assaulted Deputy Pantoya is not so weak that the
verdict is clearly wrong and manifestly unjust, nor is the contrary evidence so strong
that the standard of proof beyond a reasonable doubt could not have been met. We
overrule appellant’s third and fourth points of error. 
                                                     CONCLUSION
          We affirm the judgment of the trial court. 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).