Affirmed and Opinion filed April 26, 2005









Affirmed and Opinion filed April 26, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00023-CR

____________

 

EDDIE GLEN MILLS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 155th
District Court

Austin County, Texas

Trial Court Cause No. 2003R-0091

 



 

M E M O R A N D U M   O P I N I O N

Appellant Eddie Glen Mills appeals his
conviction for robbery.  The trial court
found appellant guilty of robbery, and after appellant pleaded true to two
enhancement paragraphs,  sentenced him to
twenty-five years= confinement in the Institutional Division
of the Texas Department of Criminal Justice. 
On appeal, in two
points of error, appellant contends the evidence is legally and factually
insufficient to support his conviction of robbery.  We affirm.

 

 








I.  Standards of Review.

In a legal sufficiency review, we view all of the evidence in
the light most favorable to the verdict and determine whether a rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319 n.12 (1979); Garrett v. State, 851 S.W.2d 853, 857
(Tex. Crim. App.1993).  In a factual
sufficiency review, we view all of the evidence in a neutral light, and we will
set the verdict aside only if the evidence supporting the verdict considered by
itself is too weak to support the finding of guilt beyond a reasonable doubt,
or the evidence contrary to the verdict is strong enough that the beyond a
reasonable doubt standard could not have been met.  See Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004).

A person commits robbery if, in the course
of committing theft and with intent to obtain or maintain control of the property,
he (1) intentionally, knowingly, or recklessly causes bodily injury to another;
or (2) intentionally or knowingly threatens or places another in fear of
imminent bodily injury or death.  Tex. Pen. Code Ann. ' 29.02 (Vernon
2003).  The phrase Ain the course of
committing theft@ in ' 29.02 is defined
in ' 29.01(1) as
meaning conduct that occurs in an attempt to commit, during the commission, or
in immediate flight after the attempt or commission of theft.  Id. ' 29.01(1).  








Under the law of parties, a person is
criminally responsible for an offense committed by another if, acting with
intent to promote or assist the commission of the offense, he solicits,
encourages, directs, aids, or attempts to aid the other person to commit the
offense.  Tex. Pen. Code Ann. ' 7.02(a)(2)
(Vernon 2003).  While presence of the
accused at the scene of an offense is not alone sufficient to support a
conviction, it is a circumstance tending to prove guilt, which, combined with
other facts, may suffice to show the accused was a participant.  Beardsley v. State, 738 S.W.2d 681, 685
(Tex. Crim. App. 1987) (citing Valdez v. State, 623 S.W.2d 317, 321
(Tex. Crim. App. 1979)).  In determining
whether the accused participated as a party, the court may look to events
occurring before, during, and after the commission of the offense, and may rely
on actions of the accused that show an understanding and common design to do
the prohibited act.  Ransom v. State,
920 S.W.2d 288, 302 (Tex. Crim. App. 1994). 

II. 
Analysis

A.  Legal
Sufficiency 

Shortly after midnight on August 9,
2003,  Ismael Guervara, the complainant,
was at a motel in Sealy, Texas when he got into an altercation with Judy
Freeman.  The complainant testified that
Freeman approached him in the motel=s parking lot
demanding that he pay her forty dollars, which he refused.  Then, Freeman grabbed him by the shirt,
punched him three times, and bit his finger when he attempted to push her away.  Subsequently, appellant hit the complainant
in the head from behind, threw him to the ground, and kicked him.[1]  According to the complainant, after he was
thrown to the ground and kicked, the appellant and Freeman took his wallet
which contained a check for $296 and five dollars in cash.  

Brian Bower, a resident at the motel,
witnessed most of the incident and testified at trial.  After hearing a commotion outside, Bower
looked out of his window and saw Freeman and the complainant wrestling.  Bower testified he was fifteen feet away when he observed the
incident, had a direct view, and had plenty of light to see.  Bower witnessed appellant intervene in the
scuffle by swinging his fist and jabbing a trowel at the complainant=s face, while
Freeman attacked the complainant from behind. 
Appellant landed a punch and knocked the complainant to the ground.  As the complainant lay on the ground, appellant
kicked and punched him while Freeman went through his pockets, grabbed his
wallet, and removed the contents. 
Appellant tossed the trowel in a trash can, kicked and punched the
complainant again, and fled.








At trial, appellant testified he was
defending Freeman from an attack and did not plan or know that Freeman was
taking the complainant=s wallet during the incident.  Appellant testified he saw the complainant
grab Freeman by her shirt and slash at her with a trowel.  To defend Freeman, he grabbed the complainant
and threw him to the ground, which caused the complainant to drop the
trowel.  Appellant admitted kicking the complainant
numerous times and said he only stopped because Freeman told him to quit.  At that point, appellant picked up the trowel
from the ground and tapped the complainant on the head, warning him to remember
this moment the next time he jumps on a woman. 
Appellant discarded the trowel and returned once more to kick the
complainant because he was once again grabbing Freeman by the neck of her
shirt.  Appellant and Freeman left the
parking lot and went to Freeman=s trailer which is
located beside the motel.  Inside the
trailer, appellant saw Freeman put the stolen items under the mattress, but
until that point, he did not know Freeman had taken the contents of the
complainant=s wallet. 
Shortly thereafter, the police arrived and arrested appellant and Freeman.     

It is undisputed that appellant hit the
complainant numerous times and Freeman took the complainant=s wallet while he
was lying on the ground being kicked by appellant.  However, appellant claims he was defending
Freeman and did not know Freeman was taking the contents of the wallet.  Appellant=s testimony was
contradicted by the complainant who testified Freeman and appellant took his
wallet, and an eyewitness testified Freeman went through the complainant=s pockets, grabbed
his wallet, and took out the money while appellant stood above the complainant
yelling, kicking, and punching him in the head. 
The testimony
reveals appellant was facing Freeman during the altercation, giving him an
unobstructed view of her as she removed the complainant=s wallet.  The police found Freeman and appellant
together with the money taken from the complainant.








The jury charge included an application
paragraph permitting the fact finder to find appellant was a party to the
offense.  See Tex. Pen. Code Ann. ' 7.02(a)(2)
(Vernon 2003). Here, viewing all of the evidence in the light most favorable to
the prosecution, we conclude a rational trier of fact could have found that
appellant, acting with the intent to promote or assist the commission of theft,
aided Freeman to commit theft and that with the intent to obtain or maintain
control of the complainant=s money, appellant
intentionally or knowingly caused bodily injury to the complainant.  Accordingly, we hold the evidence is legally
sufficient to support appellant=s conviction for
robbery.  We overrule appellant=s first issue.

B.  Factual
Sufficiency 

Appellant testified he was not involved in
a robbery at all, rather he was defending Freeman from an assault by the
complainant.  Appellant admitted he
caused bodily injury to the complainant, specifically that A[complainant] was
fairly-well messed up [following the scuffle].@  Appellant=s credibility was
impeached with his convictions for two felony offenses, and by his testimony on
cross-examination that he had Anumerous
shoplifting charges: Wal-Mart, Kmart, and it never bothered me a bit to steal
from them folks.@  

AA decision is not
manifestly unjust merely because the jury resolved conflicting views of the
evidence in favor of the State.@  Cain v. State, 958 S.W.2d 404, 410
(Tex. Crim. App. 1997).  Moreover, the
jury is the sole judge of credibility of the witnesses at trial.  See Johnson v. State, 23 S.W.3d 1, 8
(Tex. Crim. App. 2000).  It is undisputed
that appellant was at the scene, intentionally or knowingly caused bodily
injury to the complainant, and fled with the person who physically took the
contents of the complainant=s wallet.  Based on the testimony at trial, the jury
could infer appellant was acting with Freeman in the commission of the offense.


After considering the evidence in a
neutral light, the evidence supporting the verdict is not too weak to support
the finding of guilt beyond-a-reasonable-doubt, and evidence contrary to the
verdict is not so strong that the beyond a reasonable doubt standard could not
have been met.  Therefore, we conclude
the evidence is factually sufficient to support appellant=s conviction for
robbery.  Accordingly, appellant=s second issue is
overruled.

 








The judgment of the trial court is
affirmed. 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment
rendered and Opinion filed April 26, 2005.

Panel
consists of Justices Anderson, Hudson, and Frost.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  Throughout his
testimony, the complainant refers to appellant as Ahe@ and appellant and Freeman as Athey.@  Because
Freeman, a female, and appellant, a male, are the only two people alleged to be
involved in the incident, the pronouns Ahe@ and Athey@ as used by the complainant are sufficient for
identification purposes.