Brown v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-209-CR

JAMES A. BROWN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

Appellant James A. Brown appeals from his conviction for possession of a controlled substance.  We will affirm.

On March 31, 2003, Fort Worth police responded to a call to go to the 5100 block of Anderson Boulevard.  When they arrived, they saw a black PT Cruiser parked in a driveway.  When an officer shone his patrol car's spotlight into the vehicle, appellant, who was sitting in the driver’s seat, quickly bent down and reached under his seat.  Appellant and his two passengers then exited the vehicle and met the officers.  The officers smelled marijuana emanating from the vehicle. 

The officers identified appellant, determined that he had outstanding warrants, and arrested him on those warrants.  A search of appellant's person produced a large amount of cash and the keys to the vehicle.  Neither appellant nor his passengers lived at the residence where the vehicle was parked. 

A search of the vehicle revealed marijuana in the passenger door
(footnote: 2) and cocaine under the driver’s seat.  The State charged appellant with possession of 1.94 grams of a material containing cocaine, and appellant pleaded not guilty.  A jury found appellant guilty of the charged offense, and the trial court sentenced him to sixteen years' confinement.

In two points, appellant challenges the legal and factual sufficiency of the evidence proving that he was aware that he was in possession of the cocaine. 
To prove possession of a controlled substance under the indictment, the State had to show that appellant exercised actual care, custody, control, or management over one gram or more but less than four grams of cocaine and that he knew the cocaine to be contraband. 
 See
 Tex. Health & Safety Code Ann
. § 481.002(38) (Vernon Supp. 2004-05); 
McQuarters v. State
, 58 S.W.3d 250, 259 (Tex. App.—Fort Worth 2001, pet. ref’d).

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).

In reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light to determine whether 
the fact finder was rationally justified in finding guilt beyond a reasonable doubt.
 Zuniga v. State, 
144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  
We are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s. 
 Zuniga, 
144 S.W.3d at 482.

Reviewing the evidence set forth above under the applicable standards of review, we conclude that it is both legally and factually sufficient to support appellant’s conviction for possession of a controlled substance.  Accordingly, we overrule appellant’s points and affirm the trial court’s judgment.

PER CURIAM

PANEL A: CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 June 16, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The marijuana belonged to the front seat passenger.