Opinion filed August 14, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed August 14,
2008

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00234-CR

                                                    __________

 

                              MICHAEL RANY PIPKIN, JR., Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 91st District Court

 

                                                        Eastland
County, Texas

 

                                             Trial
Court Cause No. CR-06-20,920

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
jury convicted Michael Rany Pipkin, Jr. of sexual assault of a child, found the
enhancement allegation to be true, and assessed his punishment at confinement
for life.  We affirm.

In
his first two issues on appeal, appellant contends that the evidence is legally
and factually insufficient to support his conviction.  Specifically, appellant
argues that his confession was not sufficiently corroborated.








In
order to determine if the evidence is legally sufficient, the appellate court
reviews all of the evidence in the light most favorable to the verdict and
determines whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319 (1979); Jackson v. State, 17 S.W.3d 664, 667 (Tex.
Crim. App. 2000). 

To determine if
the evidence is factually sufficient, the appellate court reviews all of the
evidence in a neutral light.  Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006) (overruling in part Zuniga v. State, 144 S.W.3d 477
(Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex.
Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). 
Then, the reviewing court determines whether the evidence supporting the
verdict is so weak that the verdict is clearly wrong and manifestly unjust or
whether the verdict is against the great weight and preponderance of the
conflicting evidence.  Watson, 204 S.W.3d at 414-15; Johnson, 23
S.W.3d at 10-11.

When
the defendant=s
confession is admitted into evidence, the confession alone is not sufficient to
support a conviction.  Rocha v. State, 16 S.W.3d 1, 4 (Tex. Crim. App.
2000).  There must be some other evidence showing that a crime has been committed. 
Id.  However, this corroborating evidence does not have to be sufficient
by itself to establish the offense.  Id.

Appellant=s statement was introduced
into evidence.  Appellant stated that he had known the victim for about two
months, that the victim had Asnuck
out to go with@
another boy and appellant, that the victim told appellant that he wanted to run
away to California, that he had told the victim he could spend the night in
appellant=s travel
trailer, and that he had told the victim that he would help the victim with his
plans to run away.  Appellant further stated that he had anal intercourse with
the victim, that the victim had consented, that the victim later changed his
mind about running away, and that the victim had agreed not to discuss the anal
intercourse and agreed that Ait
wasn=t going to happen
again.@








Texas
Ranger David Hullum testified that he investigated the case.  The victim was a
fourteen-year-old boy.  The victim was Asomewhat
intellectually challenged@
and Adefinitely
socially challenged.@ 
The victim had made an outcry to the sixteen-year-old boy who was with
appellant.  Ranger Hullum prepared a photo lineup that was presented to the
victim.  An identification was made, and Ranger Hullum contacted appellant. 
Appellant gave his statement to Ranger Hullum.  Ranger Hullum testified that,
based on his experience and his investigation, the anal intercourse was not an Aaccident@ and was an intentional and
knowing act.  Ranger Hullum testified that the victim was not old enough to consent
to sexual activity under Texas law.  Ranger Hullum further testified that
appellant=s statements
that the intercourse was consensual, that the intercourse was the victim=s idea, and that the victim
asked appellant for money were all inconsistent with his investigation. Ranger
Hullum explained that a medical examination had not been conducted because it
likely would not have revealed anything and would have further traumatized the
victim.

The
jury, as the finder of fact, is the sole judge of the weight and credibility of
the witnesses=
testimony.  Tex. Code Crim.
Proc. Ann. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979).  This
court reviews the factfinder=s
weighing of the evidence and cannot substitute its judgment for that of the
factfinder.  Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); Clewis
v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996).   We are required to
give due deference to the factfinder=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson v. State, 23 S.W.3d 1 (Tex. Crim. App. 2000); Jones
v. State, 944 S.W.2d 642 (Tex. Crim. App. 1996).  This court has the
authority to disagree with the factfinder=s
determination Aonly
when the record clearly indicates such a step is necessary to arrest the
occurrence of a manifest injustice.@ 
Johnson, 23 S.W.3d at 9.

After
reviewing the record in the light most favorable to the verdict, we find that
the evidence is legally sufficient.  A rational jury could have determined that
appellant committed the offense.  Likewise, after reviewing the evidence in a
neutral light, we find that the evidence supporting the verdict is not so weak
that the verdict is clearly wrong and manifestly unjust and that the verdict is
not against the great weight and preponderance of the conflicting evidence.  The first two issues are overruled.

In
his third issue, appellant argues that the State made impermissible statements
during its closing argument.  Appellant contends that these arguments shifted
the burden from the State to the jury itself.  We disagree.

The
State summarized the evidence (including the lack of any medical evidence) and
stated that, if the jury required medical evidence of any anal tear, it should
inform the State either by its verdict or after trial by telling the State that
medical evidence should have been admitted.  No objection was made to the State=s argument.  The State continued
to summarize the evidence telling the jury that the evidence presented
established that appellant committed the offense.








Proper
jury argument includes summation of the evidence presented at trial, reasonable
deductions drawn from that evidence, answers to the opposing counsel=s argument, and pleas for
law enforcement.  Jackson, 17 S.W.3d at 673.  An argument that is
manifestly improper or injects new, harmful facts into the case is reversible
error.   Id.

The
State=s argument was
within the boundaries for permissible jury argument and did not inject any new,
harmful facts into the case.  Moreover, appellant=s
argument has not been preserved for appellate review.  Tex. R. App. P. 33.1.  The third issue is overruled.

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

August 14, 2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.